[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as
*State v. Wine,* Slip Opinion No. 2014-Ohio-3948.]

NOTICE

This slip opinion is subject to formal revision before it is published in
an advance sheet of the Ohio Official Reports. Readers are requested
to promptly notify the Reporter of Decisions, Supreme Court of Ohio,
65 South Front Street, Columbus, Ohio 43215, of any typographical or
other formal errors in the opinion, in order that corrections may be
made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-3948

THE STATE OF OHIO, APPELLEE, *v.* WINE, APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets,

it may be cited as *State v. Wine,* Slip Opinion No. 2014-Ohio-3948.]

*Criminal Law—All-or-nothing defense—Defendant cannot prevent trial court
from instructing jury on lesser included offenses when instructions are
warranted by evidence presented.*

(No. 2012-1611—Submitted November 6, 2013—Decided September 25, 2014.)

APPEAL from the Court of Appeals for Auglaize County,

No. 2-12-01, 2012-Ohio-2837.

_____

PFEIFER, J.

{¶ 1} The issue we address in this case is whether a defendant who
presents an "all or nothing" defense in a criminal trial has the right to prevent a
trial court from giving lesser-included-offense jury instructions. We hold that a
criminal defendant does not have the right to prevent a trial court from giving
lesser-included-offense jury instructions; whether to include such jury instructions
lies within the discretion of the trial court and depends on whether the evidence
presented could reasonably support a jury finding of guilt on a particular charge.

Factual and Procedural Background

{¶ 2}   On February 4, 2011, the grand jury in Auglaize County indicted appellant, Douglas Wine, on one count of rape in violation of R.C. 2907.02(A)(2). The charge was based on the allegation made by Wine's mother-in-law that Wine had inserted his finger into her vagina while she was sleeping with one of Wine's children in the child's bed in Wine's home.

{¶ 3}   The matter proceeded to a jury trial on October 25, 2011.  The alleged victim, Wine's mother-in-law, testified that she had fallen asleep with one of the children after getting in bed with him to tell him a story.  She testified that she awoke to her own yelling and saw Wine kneeling down at the side of the bed with his face very close to hers.  She realized that one of Wine's fingers was in her vagina while his right hand was on her chest under her pajamas.  She testified that she yelled her husband's name twice, loud enough that she thought that her daughter, Wine's wife, would have heard her, but that her husband, her daughter, and the child next to her did not hear her yelling.  She stated that when she yelled, Wine removed his finger from her vagina and his hand from her chest, but kept his hands under the blankets.  She testified that Wine asked her who was in bed with her and that when she responded, Wine removed his hands from under the blankets, stood up, and left the room.

{¶ 4}   The state also introduced portions of two videotaped interviews of Wine that occurred before he was indicted.  The first interview was by Brad Kelly, a private investigator who had been retained by Wine and his wife.  In that interview, Wine stated that he remembered being in bed with his mother-in-law. He stated, "I sort of remember having my hand down there but I don't remember any of the specifics that she's talking about."  He told the interviewer that he may have touched his mother-in-law's vagina.  He also stated, "I may have touched her, I mean I almost think I did.  But the truth is I thought it was my wife."  Wine also told the investigator that his wife did not like him to put his fingers in her

vagina and that if he had been in bed with his wife he would generally not have done that.

{¶ 5} The second interview was by Detective Sergeant Jerry Sawmiller of the Auglaize County Sheriff's Office. In that interview, Wine said that he remembered waking up in bed with his mother-in-law. He said that it was possible that something had happened, but that he had no memory of it and no memory of ever touching his mother-in-law inappropriately.

{¶ 6} Wine testified in his own behalf at trial. He testified that he was never in the room that the alleged victim was in on the night in question and that he did not lay his hands on her in any way. In closing argument, Wine's counsel stated, "There isn't any evidence whatsoever that Doug went into the room that night." The defense was thus unequivocal—Wine was never in the room on the night in question and there could be no gradations on what might have occurred.

{¶ 7} Prior to presenting the case to the jury, the trial court discussed proposed jury instructions with counsel out of the jury's presence. Wine objected to the trial court's proposed instructions—neither party had requested them—on the lesser included offenses of sexual battery under R.C. 2907.03(A)(1) and gross sexual imposition under R.C. 2907.05(A)(1). A conviction for rape under R.C. 2907.02(A)(2), a first-degree felony and the crime alleged in the indictment, requires proof of sexual conduct compelled by force or threat of force. A conviction for sexual battery under R.C. 2907.03(A)(1), a third-degree felony when the victim is age 13 or over, requires proof of sexual conduct in which "the offender knowingly coerce[d] the other person to submit by any means that would prevent resistance by a person of ordinary resolution." A person commits gross sexual imposition, a fourth-degree felony unless an exception applies, under R.C. 2907.05(A)(1) by compelling another person "to submit by force or threat of force" to sexual contact. Rape under R.C. 2907.02(A)(2) and sexual battery under R.C. 2907.03(A)(1) both involve "sexual conduct," a requirement of which is

penetration.   R.C. 2907.01(A).   Gross sexual imposition, on the other hand, involves "sexual contact," which requires "touching of an erogenous zone of another * * * for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B).

{¶ 8}   Wine's counsel objected to the instructions on the lesser included offenses because he had prepared his defense based upon the offense charged in the original indictment, rape.   He argued that the state could have included the other offenses in the indictment but did not.   He also argued that "[t]he only testimony with respect to the incident came from the victim and she was explicit that she believed there was penetration."   He contended that the instruction as to gross sexual imposition, which does not involve penetration, was thus unwarranted.

{¶ 9}   The state did not object to the instructions.   The prosecutor commented that although the victim had testified that she had been penetrated, if the jury did not believe that penetration occurred, deliberation on sexual contact would be appropriate.

{¶ 10} The trial court overruled Wine's objections and concluded that it would instruct the jury on both lesser included offenses.   As for sexual battery, the court explained that a jury could conclude that Wine had not purposely compelled the sexual conduct, but could still conclude that he had coerced the victim to engage in sexual conduct.   As for gross sexual imposition, the court explained that based on Wine's videotaped statements to investigators, including Wine's statements "about his acts and his hands and what he did with [his wife] and so forth, that [the jury] could find that he had perpetrated sexual contact without actual sexual conduct."   Further, the alleged victim had testified that because of the dryness of her vagina, it would have been difficult for Wine to have put his finger inside her vagina.   The court concluded that the alleged victim's cross-examination testimony that she didn't know whether Wine had used lubricant was

more testimony "bringing into question whether there had, in fact, been possibly the actual penetration."

{¶ 11} The jury found Wine not guilty of rape and not guilty of sexual battery but guilty of the lesser included offense of gross sexual imposition. The court sentenced Wine to 15 months in prison, fined him $5,000, and classified him as a Tier I sexual offender.

{¶ 12} Wine appealed to the Third District Court of Appeals, raising numerous assignments of error. With regard to the issue of the jury instructions on lesser included offenses, the appellate court concluded that the trial court did not abuse its discretion in instructing the jury on gross sexual imposition; it did not address the sexual-battery jury instruction since the jury found Wine not guilty of that offense. The court held that a rational juror could have concluded, based upon the evidence admitted at trial, "that penetration, required for a rape conviction, did not occur but 'sexual contact' did occur sufficient for a gross sexual imposition conviction." 3d Dist. Auglaize No. 2-12-01, 2012-Ohio-2837, ¶ 18.

{¶ 13} The court rejected Wine's contention that because he was entitled as a matter of trial strategy to waive the jury instructions on lesser included offenses, the trial court should not have instructed the jury on those offenses over his objection: "That trial counsel may decide not to request lesser-included instructions as a matter of trial strategy does not mean the trial court lacks discretion to instruct where the evidence, in fact, merits such an instruction." *Id.* at ¶ 19.

{¶ 14} In resolving a separate assignment of error, the court held that there was insufficient evidence to support a conviction for gross sexual imposition because the state had failed to prove the element of force. However, the court found that the evidence presented was sufficient to prove the lesser included offense of sexual imposition, and it remanded the case to the trial court "to enter a

finding of guilt for the lesser-included offense of sexual imposition in violation of R.C. 2907.06(A)(1) and to sentence Wine for that offense." *Id*. at ¶ 52.

**{¶ 15}** Wine sought a stay of the appellate court's judgment pending his appeal to this court, but we denied his motion for a stay. Upon remand, the trial court conducted a hearing, found that Wine was guilty of sexual imposition under R.C. 2907.06(A)(1), a third-degree misdemeanor, sentenced him to time served, fined him $500, and classified him as a Tier I sexual offender.

**{¶ 16}** The cause is before this court upon the acceptance of a discretionary appeal on the following proposition of law: "A Defendant in a criminal trial, as a matter of trial strategy, has a right to present an 'all or nothing defense' and refuse any lesser-included offenses instructions." 134 Ohio St.3d 1448, 2013-Ohio-347, 982 N.E.2d 727.

Law and Analysis

**{¶ 17}** Wine argues that a defendant has the right to control whether a jury receives instructions on lesser included offenses. We conclude that a defendant does not have that right.

**{¶ 18}** In Ohio, the law regarding lesser included offenses is the product of statute, rule, and the common law. R.C. 2945.74—in language very similar to Crim.R. 31(C)—provides that a jury may find a defendant guilty of a lesser included offense:

> When the indictment or information charges an offense, including different degrees, or if other offenses are included within the offense charged, the jury may find the defendant not guilty of the degree charged but guilty of an inferior degree thereof or lesser included offense.

**{¶ 19}** R.C. 2945.74 and Crim.R. 31(C) have their roots in longstanding common law: "At common law the jury was permitted to find the defendant guilty of any lesser offense necessarily included in the offense charged." (Footnote omitted.) *Beck v. Alabama*, 447 U.S. 625, 633, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980). In any given case, the rule can advantage either the prosecution or the defense—a defendant does not have sole claim to its benefits:

> This rule originally developed as an aid to the prosecution in cases in which the proof failed to establish some element of the crime charged. See 2 C. Wright, Federal Practice and Procedure § 515, n. 54 (1969). But it has long been recognized that it can also be beneficial to the defendant because it affords the jury a less drastic alternative than the choice between conviction of the offense charged and acquittal.

*Id.*

**{¶ 20}** Regardless of who reaps the benefit of the rule, this court has held that a charge on a lesser included offense is required when the facts warrant it and improper when the facts do not warrant such a charge:

> If the trier of fact could *reasonably* find against the state and for the accused upon one or more of the elements of the crime charged and for the state on the remaining elements, which by themselves would sustain a conviction on a lesser-included offense, then a charge on the lesser-included offense is required.
>
> Conversely, if the jury could not reasonably find against the state on an element of the crime, then a charge on a lesser-included offense is not only not required, but is also improper.

(Emphasis sic; citation omitted.) *State v. Kilby*, 50 Ohio St.2d 21, 24-25, 361 N.E.2d 1336 (1977).

{¶ 21} The law, the evidence presented, and the discretion of the trial judge play a role in whether lesser-included-offense instructions are appropriate. But the evidence is crucial:

> Even though an offense may be statutorily defined as a lesser included offense of another, a charge on such lesser included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense.

*State v. Thomas,* 40 Ohio St.3d 213, 533 N.E.2d 286 (1988), paragraph two of the syllabus. In determining whether lesser-included-offense instructions are appropriate, "the trial court must view the evidence in the light most favorable to the defendant." *State v. Monroe*, 105 Ohio St.3d 384, 2005-Ohio-2282, 827 N.E.2d 285, ¶ 37.

{¶ 22} This court has recognized the potential perils of pervasive lesser-included-offense jury instructions for defendants in cases in which the facts do not support the lesser charge:

> The mere fact that an offense can be a lesser included offense of another offense does not mean that a court must instruct on both offenses where the greater offense is charged. This court made it clear in *State v. Nolton* (1969), 19 Ohio St.2d 133, [249 N.E.2d 797,] that juries were not to be presented with compromise offenses which could not possibly be sustained by the adduced

facts. Such unreasonable compromises are detrimental to both the state and the defendant. These compromises can allow juries to lessen punishment at their unlimited discretion, even when they find the defendant guilty of the greater offense beyond a reasonable doubt. Further, they can allow juries to convict a defendant of a crime of which he is not guilty beyond a reasonable doubt with a clearer conscience than if only the greater offense were charged.

*State v. Wilkins*, 64 Ohio St.2d 382, 387, 415 N.E.2d 303 (1980). Or, as the court bluntly stated in *State v. Loudermill*, 2 Ohio St.2d 79, 81, 206 N.E.2d 198 (1965), a defendant's "liberty should not be dickered away by a compromised verdict upon another crime."

{¶ 23} Further, this court has recognized that a compromise verdict could be more likely in cases in which the defendant presents an all-or-nothing defense. "There is great potential for unreasonable compromises where the evidence adduced by a defendant constitutes a complete defense to the substantive elements of the crime charged." *State v. Solomon*, 66 Ohio St.2d 214, 220, 421 N.E.2d 139 (1981). In an attempt to address that concern, this court, in *State v. Nolton*, 19 Ohio St.2d 133, 249 N.E.2d 797 (1969), announced a "new rule" to be employed in cases in which the defendant offers a complete defense to the crime charged:

If the evidence adduced on behalf of the defense is such that if accepted by the trier it would constitute a complete defense to *all* substantive elements of the crime charged, the trier will not be permitted to consider a lesser included offense for the reason that an unreasonable compromise would be invited on the state's evidence.

(Emphasis sic.) *Id.* at 135.

{¶ 24} But the court then stated in *Nolton* that if the trier of fact could reasonably find that the state failed to prove an element of its case, but that the state proved remaining elements that would support a conviction on a lesser included offense, then a lesser-included-offense instruction is warranted:

> On the contrary, if the trier could *reasonably* find against the state and for the accused upon one or more of the elements of the crime charged and for the state and against the accused on the remaining elements, which by themselves would sustain a conviction upon a lesser included offense, then a charge on the lesser included offense is both warranted and required, not only for the benefit of the state but for the benefit of the accused.

(Emphasis sic.) *Id.*

{¶ 25} In *Wilkins*, this court clarified *Nolton*. This court observed that *Nolton* had been misinterpreted as creating a rigid rule that when a defendant offered a complete defense, no lesser included offense should be submitted to the trier of fact. *Wilkins*, 64 Ohio St.2d at 387, 415 N.E.2d 303. Instead, this court explained in *Wilkins*, even when a complete defense is offered by the defendant, if the state's evidence could be interpreted as supporting only a lesser included offense, a lesser-included-offense charge to the jury is appropriate:

> To clarify, we are restating the rule as follows:
>
> If the evidence adduced on behalf of the defense is such that if accepted by the trier of fact it would constitute a complete defense to all substantive elements of the crime charged, the trier

of fact will not be permitted to consider a lesser included offense unless the trier of fact could reasonably find against the state and for the accused upon one or more of the elements of the crime charged, and for the state and against the accused on the remaining elements, which, by themselves, would sustain a conviction upon a lesser included offense.

*Id.* at 388.

**{¶ 26}** This court has therefore left no doubt that it is the quality of the evidence offered, not the strategy of the defendant, that determines whether a lesser-included-offense charge should be given to a jury. But Wine nevertheless maintains that a defendant has the right to prevent a trial court from giving the jury lesser-included-offense instructions, and he bases that contention on a statement in a footnote in *State v. Clayton,* 62 Ohio St.2d 45, 402 N.E.2d 1189 (1980), in which this court referred to a defendant's right to waive a lesser-included-offense jury instruction. The context of the court's statement is crucial. In *Clayton*, the defendant's counsel had successfully persuaded the trial court to not give lesser-included-offense jury instructions, so the trial court had instructed on attempted murder only and on self-defense. The trial court had noted on the record: "Let the record show that in a discussion with counsel in chambers as to the charge of the court, as to crime involved in this, that at the request of the defense the court is charging on attempted * * * murder and no lesser included offense." *Id.* at 45, fn. 1.

**{¶ 27}** The issues this court faced were whether the trial court had committed plain error in failing to include lesser-included-offense jury instructions and whether Clayton's counsel's argument to the court to omit those instructions constituted ineffective assistance of counsel. *Id.* at 46. Thus, *Clayton* was a much different case from the case before us: in *Clayton*, the defendant

claimed that the trial court erred in not instructing the jury on lesser included offenses, whereas here Wine argues that the court erred in giving lesser-included-offense instructions.

**{¶ 28}** Wine narrows *Clayton* to a statement this court made in footnote two, which reads:

> One of appellee's major arguments was that there should have been an instruction on the lesser-included offense of attempted voluntary manslaughter. Even if the defendant did elicit some evidence of mitigating circumstances (fit of anger), he still had the right to intentionally waive a jury instruction on the lesser-included offense of attempted voluntary manslaughter. Having elicited some evidence in mitigation of attempted murder, the court had the duty to instruct on the lesser-included offense, but this in no way affected defendant's concomitant right, through his counsel, to waive the instruction.

*Id.* at 47, fn. 2.

**{¶ 29}** In the sentence preceded by this footnote, this court in *Clayton* stated that the reasoning of *State v. Wolery*, 46 Ohio St.2d 316, 348 N.E.2d 351 (1976), applied to the case before it. In *Wolery*, defense counsel had not objected to the introduction of certain evidence as a matter of trial strategy. On appeal, the defendant-appellant claimed that the admission of that same evidence was plain error. Noting that the decision not to object to the admission of the evidence was tactical, the court wrote that "[a]ppellant cannot now claim the protection of CrimR. 52(B) to negate the effect of this tactical decision." *Wolery* at 327.

**{¶ 30}** In *Clayton*, this court held that defendant's counsel's decision not to request an instruction on lesser included offenses—seeking acquittal rather than

12

inviting conviction on a lesser offense—was a matter of trial strategy. *Id.* This court essentially said in *Clayton*'s second footnote that although the trial court erred in not including the lesser-included-offense charge, the defendant waived that error in furtherance of his counsel's trial strategy. Once the defendant made his tactical gambit, like the defendant in *Wolery*, he could not then successfully claim plain error upon appeal. This court thus concluded that the trial court's failure to instruct the jury on lesser included offenses and the defendant's subsequent conviction "[did] not amount to a manifest miscarriage of justice and [was] not plain error." *Id.* at 47-48. This court further concluded that although his strategy was questionable, Clayton's counsel did not provide ineffective assistance. *Id.* at 49.

{¶ 31} *Clayton* establishes the consequences that follow a defendant's decision to waive a jury instruction that may have inured to his benefit. But *Clayton* does not say that a defendant may *prevent* the trial court from instructing the jury as to a lesser included offense that is warranted by the evidence produced at trial.

{¶ 32} A defendant's choice to pursue an all-or-nothing defense does not require a trial judge to impose upon the state an all-or-nothing prosecution of the crime charged if the evidence would support a conviction on a lesser included offense: "If under any reasonable view of the evidence it is possible for the trier of fact to find the defendant not guilty of the greater offense and guilty of the lesser offense, the instruction on the lesser included offense must be given." *Wilkins*, 64 Ohio St.2d at 388, 415 N.E.2d 303.

{¶ 33} Whether or not a defendant raises a complete defense to the charged crime, the state has the burden to prove beyond a reasonable doubt all of the elements of the crime charged. The fact that the evidence could be interpreted by the jury as questionable on a single element does not mean that the defendant committed no crime. Simply put, a jury can both reject an all-or-nothing

defense—e.g., alibi, mistaken identity, or self-defense—*and* find that the state has failed to meet its evidentiary burden on an element of the charged crime. In such a case, "if due to some ambiguity in the state's version of the events involved in a case the jury could have a reasonable doubt regarding the presence of an element required to prove the greater but not the lesser offense, an instruction on the lesser included offense is ordinarily warranted." *Solomon*, 66 Ohio St.2d at 221, 421 N.E.2d 139.

### Conclusion

**{¶ 34}** The sole issue before us is whether a criminal defendant has the right to prevent a trial court from instructing a jury on lesser included offenses. We hold that a defendant does not have that power. The trial court, after reviewing the evidence, determines whether an instruction on lesser included offenses is appropriate. The trial court must give an instruction on a lesser included offense if under any reasonable view of the evidence it is possible for the trier of fact to find the defendant not guilty of the greater offense and guilty of the lesser offense.

**{¶ 35}** Since the defendant in this case did not have the right to prevent the trial court from instructing the jury on lesser included offenses, we affirm the judgment of the appellate court.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Edwin A. Pierce, Auglaize County Prosecuting Attorney, for appellee.

Lorin J. Zaner, for appellant.

Michael DeWine, Attorney General, Eric E. Murphy, State Solicitor, Michael J. Hendershot, Chief Deputy Solicitor, Stephen P. Carney, Deputy

Solicitor, and Matthew T. Green, Assistant Attorney General, urging affirmance for amicus curiae state of Ohio.

Ron O'Brien, Franklin County Prosecuting Attorney, and Barbara A. Farnbacher, Assistant Prosecuting Attorney, urging affirmance for amicus curiae Franklin County Prosecuting Attorney Ron O'Brien.

Carol Hamilton O'Brien, Delaware County Prosecuting Attorney, and Douglas N. Dumolt, Assistant Prosecuting Attorney, urging affirmance for amicus curiae Ohio Prosecuting Attorneys Association.

_____