[Cite as *State v. Rodriguez*, 2016-Ohio-7436.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2016-01-010 |
| | : | O P I N I O N |
| - vs - | | 10/24/2016 |
| | : | |
| JONATHAN ISMAEL FUENTES RODRIGUEZ, | : | |
| | : | |
| Defendant-Appellant. | : | |
| | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2015-05-0770


Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Rodriguez & Porter, Ltd., Greg D. Porter, 5103 Pleasant Avenue, Fairfield, Ohio 45014, for defendant-appellant


**PIPER, J.**

{¶ 1}   Defendant-appellant, Jonathan Rodriguez, appeals his conviction in the Butler County Court of Common Pleas for aggravated robbery.

{¶ 2}   The Hamilton Police Department received a dispatch that a man was chasing children with a knife. Officers responded, and made contact with the alleged victim, a boy who was 13 years old at the time. The boy told officers that he and his friends began arguing

with two older teens about a possible physical altercation between their respective groups of friends. The boy told police that during the argument, the two older teens got into a car and drove away. However, the teens then drove toward the boy, at which point, he began to run away.

{¶ 3} The boy indicated to police that the two teens exited the car, chased him on foot, and eventually caught him. The boy also claimed that one teen, later identified as Rodriguez, brandished a knife and demanded the boy's pants. The boy told police that Rodriguez's accomplice indicated that he had a gun, and that the accomplice removed the boy's pants and then handed them to Rodriguez. Rodriguez and his accomplice then ran back to Rodriguez's car and drove away.

{¶ 4} The police began to investigate the incident, and soon located Rodriguez's vehicle. Upon questioning, Rodriguez asserted that he had nothing to do with the incident and that he had no weapon. After Rodriguez consented to a search of his car, officers located the boy's pants therein, but did not find a knife or any other weapon in Rodriguez's car.

{¶ 5} Rodriguez was indicted on one count of aggravated robbery, and the matter proceeded to a two-day jury trial. Before the trial started, and again before the jury began deliberations, Rodriguez requested a jury instruction on the lesser included offense of robbery. Rodriguez asserted that he was entitled to the lesser included instruction because the jury was presented with evidence that disputed the state's theory that Rodriguez used a weapon during the alleged incident. The trial court, however, determined that the instruction was not warranted because Rodriguez denied having any involvement in the incident. The jury found Rodriguez guilty, and the trial court sentenced Rodriguez to three years in prison. Rodriguez now appeals the trial court's decision, raising the following assignment of error.

{¶ 6} THE TRIAL COURT ABUSED ITS DISCRETION BY REFUSING TO GIVE A

JURY INSTRUCTION WARRANTED BY THE EVIDENCE.

{¶ 7} Rodriguez argues in his assignment of error that the trial court erred by not giving a jury instruction on the lesser included offense of robbery.

{¶ 8} According to R.C. 2945.74, a jury may find a defendant guilty of a lesser included offense, even if such was not specifically listed in the indictment. "A charge on a lesser included offense is required when the facts warrant it and improper when the facts do not warrant it." *State v. Wine*, 140 Ohio St.3d 409, 2014-Ohio-3948, ¶ 20. If the jury could "reasonably find against the state and for the accused upon one or more of the elements of the crime charged and for the state on the remaining elements, which by themselves would sustain a conviction on a lesser-included offense, then a charge on the lesser-included offense is required." *State v. Kilby*, 50 Ohio St.2d 21, 24-25 (1977).

{¶ 9} "Even though an offense may be statutorily defined as a lesser included offense of another, a charge on such lesser included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense." *State v. Thomas*, 40 Ohio St.3d 213 (1988), paragraph two of the syllabus. In determining whether lesser included offense instructions are appropriate, "the trial court must view the evidence in the light most favorable to the defendant." *State v. Monroe*, 105 Ohio St.3d 384, 2005-Ohio-2282, ¶ 37.

{¶ 10} "A defendant's choice to pursue an all-or-nothing defense" does not limit the applicability of jury instructions on lesser included charges "if the evidence would support a conviction on a lesser included offense." *Wine*, 2014-Ohio-3948 at ¶ 32. In fact, "if under *any reasonable view* of the evidence it is possible for the trier of fact to find the defendant not guilty of the greater offense and guilty of the lesser offense, the instruction on the lesser included offense must be given." (Emphasis added.) *Id.*

{¶ 11} Rodriguez was indicted for aggravated robbery in violation of R.C.

2911.01(A)(1), which provides, "No person, in attempting or committing a theft offense * * * shall do any of the following: Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it." Rodriguez requested a jury instruction specific to robbery as set forth in R.C. 2911.02.

> (A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
>
> (1) Have a deadly weapon on or about the offender's person or under the offender's control;
>
> (2) Inflict, attempt to inflict, or threaten to inflict physical harm on another;
>
> (3) Use or threaten the immediate use of force against another.

{¶ 12} In order to be convicted of aggravated robbery, the state had the burden to prove that Rodriguez possessed a deadly weapon and brandished, displayed, or indicated that he had such a weapon. However, if the jury believed that Rodriguez possessed a weapon, but did not brandish, display, or indicate its presence, then the conviction for aggravated robbery would be invalid and a conviction for robbery could be possible.

{¶ 13} While the trial court reasoned that Rodriguez was not entitled to any lesser included jury instruction because Rodriguez claimed that he was not involved in the incident at all, we disagree. The evidence presented at trial could have placed in the jury's mind reasonable doubt as to whether Rodriguez possessed and or used a weapon during the incident, thus allowing the jury to doubt the state's ability to prove all required elements of aggravated robbery.

{¶ 14} For example, the jury considered evidence that the victim had previously testified under oath that Rodriguez did not have a weapon at the time of the incident. The

jury also heard testimony from an officer that no weapon was found during the search of Rodriguez or his car, although the victim's pants were located.[1] Rodriguez also testified in his own defense that he did not have a weapon. Based on this evidence, especially when viewed in a light most favorable to the defendant, the jury had a basis to reasonably believe that Rodriguez never possessed a weapon. This is true even if Rodriguez asserted that he was not involved in the incident at all.

{¶ 15} While the trial court indicated that Rodriguez's all-or-nothing defense prevented him from entitlement to a lesser included charge, the Ohio Supreme Court has held otherwise.

> Whether or not a defendant raises a complete defense to the charged crime, the state has the burden to prove beyond a reasonable doubt all of the elements of the crime charged. The fact that the evidence could be interpreted by the jury as questionable on a single element does not mean that the defendant committed no crime. Simply put, a jury can both reject an all-or-nothing defense--e.g., alibi, mistaken identity, or self-defense--*and* find that the state has failed to meet its evidentiary burden on an element of the charged crime. In such a case, "if due to some ambiguity in the state's version of the events involved in a case the jury could have a reasonable doubt regarding the presence of an element required to prove the greater but not the lesser offense, an instruction on the lesser included offense is ordinarily warranted."

(Emphasis sic.) *Wine*, 2014-Ohio-3948 at ¶ 33, quoting *State v. Solomon*, 66 Ohio St.2d 214, 221 (1981).

{¶ 16} Despite Rodriguez's claim that he had no participation in the incident, his defense did not prevent the trial court from offering the lesser included instruction. Instead, the jury could have rejected Rodriguez's claim that he was not involved in the incident, while at the same time, finding that the state failed to meet its evidentiary burden on the weapon

---

1. For this reason, the jury could have concluded that Rodriguez's accomplice did not possess a gun, so that the state's theory of accomplice liability could have been doubted by the jury as well. We would also note that during the boy's testimony, he stated that he did not see a gun on Rodriguez's accomplice.

element of aggravated robbery. As such, and based upon the evidence deduced at trial, we find that the trial court should have given instructions on the lesser included charge. Rodriguez's single assignment of error is, therefore, sustained.

{¶ 17} The decision of the trial court is hereby reversed, and the matter is remanded for further proceedings consistent with this Opinion.

M. POWELL, P.J., and HENDRICKSON, J., concur.