[Cite as *State v. Miller*, 2016-Ohio-7868.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 16AP-8 |
| | | (C.P.C. No. 15CR-1696) |
| Sean R. Miller, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

## D E C I S I O N

### Rendered on November 22, 2016

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

**On brief:** *Sydow Leis LLC*, and *Anastasia L. Sydow*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Sean R. Miller is appealing from his conviction on a charge of burglary as a second degree felony following a jury trial. He assigns five errors for our consideration:

> [I.] THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT'S MOTION TO SUPPRESS EYEWITNESS IDENTIFICATION, THEREBY PERMITTING A FUNDAMENTALLY UNRELIABLE IDENTIFICATION INTO EVIDENCE AND RESULTING IN A VIOLATION OF DEFENDANT'S DUE PROCESS.
>
> [II.] THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT-APPELLANT'S CRIMINAL RULE 29 MOTION FOR ACQUITTAL ON THE CHARGE OF BURGLARY BECAUSE THE EVIDENCE PRESENTED BY THE STATE WAS INSUFFICIENT TO SUPPORT A CONVICTION BEYOND A REASONABLE DOUBT.

[III.] THE VERDICT IS AGAINST THE SUFFICIENCY AND MANIFEST WEIGHT OF THE EVIDENCE.

[IV.] DEFENDANT WAS EFFECTIVELY DENIED HIS CONSTITUTIONAL RIGHT TO ASSISTANCE OF COUNSEL WHERE COUNSEL'S FAILURE TO REQUEST JURY INSTRUCTION ON THE LESSER INCLUDED OFFENSE CONSTITUTES PLAIN ERROR.

[V.] THE COURT PLAINLY ERRED BY MISREPRESENTING THE LENGTH OF DEFENDANT'S MANDATORY SENTENCE.

{¶ 2}   On March 27, 2015, someone kicked in the door of 4943 Kilconnel Avenue in Columbus, Ohio.  Amadou Fall who lived at the residence with his mother and siblings was home at the time.  The noise from the door being kicked in woke Amadou from his dozing on the couch and he saw the person trying to enter the residence.  Amadou thought that the person was Sean Miller who had been staying in the duplex which adjoined 4943 Kilconnel Avenue.

{¶ 3}   Amadou, who was only 16 at the time, called his mother to ask what to do. She told him to call the police, which he did.  Amadou told the police dispatcher that the person who kicked in the door was a Caucasian male wearing a light baby blue sweatshirt.

{¶ 4}   Columbus police responded and interviewed Amadou who identified Miller as the intruder.  Then the police approached the next-door residence and brought the two male occupants outside, one of which was Sean Miller.  Amadou again identified Miller as the culprit, but later acknowledged he was nervous and not 100 percent sure.

{¶ 5}   After Miller was indicted on a charge of burglary, his defense counsel filed a motion to suppress Amadou's identification of Miller as the culprit.

{¶ 6}   At the evidentiary hearing on the motion, Columbus Police Officer Kerry Harris testified about what happened when Columbus police responded to the police dispatch.  Harris related that after talking to Amadou, they approached the other half of the duplex.  A woman answered the door and told police a friend had just recently run into her residence.  Police then asked both men in the residence to come outside. Amadou then identified Sean Miller as the man who broke in.  A light blue sweatshirt was later found on a love seat in the living room of the residence where Miller was staying.

{¶ 7} Amadou testified at the hearing on the motion to suppress and indicated that he was 90 percent sure that Miller was the person who started to break in Amadou's residence. Amadou attributed the 10 percent uncertainty to the fact Miller was not wearing a light blue sweatshirt when police asked for an identification shortly after the break-in.

{¶ 8} The evidence submitted at the hearing on the motion to suppress identification was sufficient to permit the state of Ohio to use Amadou's testimony during their case-in-chief.

{¶ 9} Amadou had told police that he believed the intruder was in the adjoining duplex because immediately after the intruder left Amadou's residence, Amadou heard the door of the adjoining duplex open and then slam closed. Police then extracted the only two adult males from the residence and asked Amadou if either one of them was involved. Amadou identified Miller as the intruder.

{¶ 10} Further, Amadou was familiar with Miller as a result of Miller staying at the adjoining duplex for five days. Nothing the police officer did in pursuing their investigation was inappropriate or illegal.

{¶ 11} The first assignment of error is overruled.

{¶ 12} Turning to the second and third assignments of error, the testimony of Amadou at trial was sufficient to establish that Miller was the person who kicked in the door of 4943 Kilconnel Avenue and partially entered the residence before seeing Amadou was home. The weight of the evidence also supported Miller as being the culprit.

{¶ 13} The immediate flight from the residence could only be construed as knowledge of guilt under the circumstances.

{¶ 14} R.C. 2911.12(A) defines burglary as follows:

> No person, by force, stealth, or deception, shall do any of the following:
>
> (1) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense;

(2) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense;

(3) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, with purpose to commit in the structure or separately secured or separately occupied portion of the structure any criminal offense.

{¶ 15} Miller's kicking in the door and damaging it was a criminal offense. His actions entering the residence was a trespass. All the elements of the offense of burglary were proven.

{¶ 16} The second and third assignments of error are overruled.

{¶ 17} Turning to the fourth assignment of error, Miller and his counsel chose not to have the jury charged on the lesser charge of trespass in a habitation in violation of R.C. 2911.12(B) despite the ruling of the Supreme Court of Ohio in *State v. Wine*, 140 Ohio St.3d 409, 2014-Ohio-3948, which indicated that a charge on that lesser offense is usually appropriate.

{¶ 18} R.C. 2911.12(B) reads:

No person, by force, stealth, or deception, shall trespass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present.

{¶ 19} Miller could have had the jury charged as to R.C. 2911.12(B) but apparently preferred the chance to have the jury acquit him entirely rather than allow the jury to compromise on a lesser offense. His gamble did not pay off.

{¶ 20} Defense counsel has an obligation to consult with the defendant and respect the defendant's wishes, even if the wishes seem unwise. Defense counsel does not become ineffective simply because counsel respects the defendant's wishes and desires.

{¶ 21} The fourth assignment of error is overruled.

{¶ 22} Turning to the fifth assignment of error, the trial court judge journalized a sentencing entry which is partially inaccurate. For instance, the entry suggests that Miller

entered a guilty plea and at the same time acknowledges that the case went to trial. The judge apparently also thought he could grant judicial release part way through a mandatory sentence. However, this would be contrary to the ruling of the Supreme Court of Ohio in *State v. Ware*, 141 Ohio St.3d 160, 2014-Ohio-5201.

{¶ 23} The state of Ohio has acknowledged that the fifth assignment of error should be sustained because the trial court judge's misunderstanding of the law could have caused the judge to give a stiffer sentence than planned and intended. The judge thought he could give a four-year sentence initially and grant early release after two years. The judge could not.

{¶ 24} The fifth assignment of error is sustained. The sentence is vacated and the case is remanded for a new sentencing hearing.

{¶ 25} In review, the first four assignments of error are overruled.

{¶ 26} The fifth assignment of error is sustained. The sentence of the trial court is vacated and the case is remanded for a new sentencing hearing.

*Judgment vacated and case
remanded for a new sentencing hearing.*

DORRIAN, P.J., and BROWN, J., concur.

———————————