[Cite as *State v. Wade*, 2017-Ohio-4135.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

STATE OF OHIO                          )
                                       )
    PLAINTIFF-APPELLEE                 )
                                       )     CASE NO. 14 JE 0036
VS.                                    )
                                       )          OPINION
ANDRE WADE                             )            AND
                                       )      JUDGMENT ENTRY
    DEFENDANT-APPELLANT                )

CHARACTER OF PROCEEDINGS:     Application for Reopening

JUDGMENT:                     Denied.

APPEARANCES:
For Plaintiff-Appellee                 Attorney Jane Hanlin
                                       Jefferson County Prosecutor
                                       Attorney Edward Littlejohn
                                       Assistant Prosecutor
                                       16001 State Route 7
                                       Steubenville, Ohio 43952

For Defendant-Appellant                Andre Wade, Pro-se
                                       #662403
                                       2075 South Avon Beldon Road
                                       Grafton, Ohio 44044

JUDGES:

Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

Dated: June 5, 2017

PER CURIAM.

{¶1} Appellant Andre Wade has filed a timely pro-se App.R. 26(B) application to reopen his appeal based on a claim of ineffective assistance of appellate counsel. Because Wade has failed to demonstrate a genuine issue as to whether he was deprived of effective assistance of counsel on appeal, his application is denied.

{¶2} Following a jury trial, Wade was convicted of one count of rape under R.C. 2907.02(A)(2); one count of possession of drugs, under R.C. 2925.11(A) and (C)(4)(a); and one count of misdemeanor assault under R.C. 2903.13(A). Wade happened upon two minor high school students in a wooded area and raped the female, KS, after punching the male, CD, in the face. Wade was sentenced to an aggregate prison term of 12 years.

{¶3} On appeal, Wade's appellate counsel raised four assignments of error: trial counsel was ineffective; the trial court erred by permitting a witness to testify about statements Wade made to him about the alleged crimes during a sanity evaluation; and, his rape conviction was not supported by sufficient evidence or was against the manifest weight of the evidence. We concluded these assignments of error were meritless and affirmed the judgment of the trial court in *State v. Wade*, 2016-Ohio-8546, 71 N.E.3d 311 (7th Dist.).

{¶4} Wade filed a timely application to reopen his appeal pursuant to App.R. 26(B). He attached an affidavit wherein he states his belief that his appellate counsel failed to provide him with effective assistance. The State opposed his motion.

{¶5} A criminal defendant "may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel." App.R. 26(B)(1). An application for reopening shall contain:

> (c) One or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits in the case by any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation;

(d) A sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and references to the record;

(e) Any parts of the record available to the applicant and all supplemental affidavits upon which the applicant relies.

App.R. 26(B)(2)(c)-(e).

{¶6} Although Wade's timely application includes a sworn statement, he failed to provide the portions of the record upon which he relies and cites throughout his application. "App.R. 26(B)(2)(e) places the responsibility squarely upon the applicant to provide the court of appeals with such portions of the record as are available to him." Where an applicant fails to do so, "his application [is] properly denied." *State v. McNeill*, 83 Ohio St.3d 457, 459, 700 N.E.2d 613 (1998). Wade has not satisfied these requirements; thus, we need not reach the merits of his arguments.

{¶7} Even if Wade had satisfied the requirements of App.R. 26, his application does not present the "colorable claim of ineffective assistance of counsel" necessary to demonstrate a genuine issue that merits reopening. *State v. Sanders*, 75 Ohio St.3d 607, 607, 665 N.E.2d 199 (1996). An applicant must demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). If the application is granted, the appellate court must appoint counsel to represent the applicant if the applicant is indigent and unrepresented. App.R. 26(B)(6)(a).

{¶8} To show ineffective assistance of appellate counsel, the two-prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) must be met. Pursuant to *Strickland*, the applicant must demonstrate deficient

performance of counsel and resulting prejudice. *Id.* at 687. *See also* App.R. 26(B)(9).

{¶9} Wade proposes three assignments of error in support of his argument that appellate counsel was ineffective; the first and second address interrelated issues and will be discussed together for clarity of analysis:

Trial counsel provided ineffective assistance of counsel, in violation of the Defendant's right to counsel as protected by the 6th Amendment to the United States Constitution.

The trial court violated due process when it failed to sua sponte instruct the jury on a lesser included offense.

{¶10} Wade asserts trial counsel was ineffective for failing to request an instruction on the lesser included offense of sexual battery, under R.C. 2907.03(A)(1) which provides: "No person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply: * * * The offender knowingly coerces the other person to submit by any means that would prevent resistance by a person of ordinary resolution." Alternatively, Wade asserts that the trial court committed plain error by failing to sua sponte provide the jury with such an instruction.

{¶11} To prove ineffective assistance of counsel, the defendant must satisfy a two-prong test; that counsel's performance has fallen below an objective standard of reasonable representation, and that he was prejudiced by counsel's performance. *Strickland* at 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), at paragraph two of the syllabus. To demonstrate prejudice, the defendant must prove that, but for counsel's errors, the result of the trial would have been different. *Id.*, paragraph three of the syllabus. In Ohio, a properly licensed attorney is presumed to be competent and the burden is on the defendant to prove otherwise. *State v. Hamblin*, 37 Ohio St.3d 153, 155, 524 N.E.2d 476 (1988).

**{¶12}** "[T]he failure to request an instruction on a lesser included offense is typically considered a matter of trial tactics rather than ineffective assistance of counsel." *State v. Marsh*, 7th Dist. No. 12 MA 40, 2013-Ohio-2949, ¶ 17, citing *State v. Griffie*, 74 Ohio St.3d 332, 333, 658 N.E.2d 764; *State v. Hlinovsky*, 7th Dist. No. 09BE19, 2011–Ohio–6421, ¶ 128. Further, appellate courts should refrain from second-guessing the strategic decisions counsel made at trial, even where counsel's trial strategy could be considered debatable. *Marsh* at ¶ 17. An "all-or-nothing position," i.e., focusing the defense on achieving an acquittal of the more serious indicted charges, rather than requesting an instruction on a lesser included offense, "is an acceptable trial strategy." *Marsh* at ¶ 19.

**{¶13}** Although there was evidence presented to support a sexual battery conviction, there was also ample evidence to support a rape conviction. " 'Even though an offense may be statutorily defined as a lesser included offense of another, a charge on such lesser included offense is required *only* where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense.' " (Emphasis added.) *State v. Wine*, 140 Ohio St.3d 409, 2014-Ohio-3948, 18 N.E.3d 1207, ¶ 21, quoting *State v. Thomas*, 40 Ohio St.3d 213, 533 N.E.2d 286 (1988), paragraph two of the syllabus.

**{¶14}** As we held in our opinion, the weight of the evidence supported Wade's rape conviction:

> * * * the evidence overall, including the witness testimony, DNA evidence and the photographs of injuries to CD, strongly supports the State's version of events that: Wade came upon the two teenagers in a compromising position in the woods; Wade punched CD and threatened both of them, in order to engage in oral and vaginal sex with KS; and KS only complied out of fear.

*Wade* at ¶ 38.

**{¶15}** Thus, there was evidence that KS's will was overcome by a threat of

force sufficient to prove rape under R.C. 2907.02(A)(1). The instructions given to the jury were consistent with the evidence.

{¶16} "By contrast, the defense's theory of the case was that Wade beat CD only after CD yelled racial slurs at Wade; and that KS consented to sex with Wade, a stranger who happened upon the couple in the woods." *Wade* at ¶ 38. Requesting a lesser included instruction of sexual battery would not have promoted the defense strategy. In fact, the defense's theory of the case was wholly inconsistent with the pursuit of a sexual battery instruction. Wade cannot claim the victim consented and still seek a sexual battery instruction; sexual battery requires an element of coercion by the perpetrator. *See* R.C. 2907.03(A)(1). Had Wade been able to prove consent, he would have been acquitted of both rape and sexual battery.

{¶17} Finally, where, as here, the matter is one of trial tactics, it does not constitute plain error for a trial court to fail to sua sponte provide a lesser included offense instruction. *Marsh* at ¶ 20.

{¶18} In his third and final proposed assignment of error, Wade asserts:

Appellate counsel provided ineffective assistance of counsel, in violation of Defendant's right to counsel, as protected by the 6th and 14th Amendment[s] to the United States Const.

{¶19} Wade asserts appellate counsel was ineffective for allegedly failing to inform him about the deadlines for filing for post-conviction relief. However, Wade provides no evidentiary support for this assertion, either in his own affidavit or otherwise. Accordingly, this is not grounds for reopening his direct appeal. Moreover, post-conviction relief is a separate procedural option for a defendant after his conviction that is not dependent upon a direct appeal.

{¶20} In sum, Wade received effective assistance of counsel in his direct appeal and there was no reasonable probability of success had counsel raised the assignments of error Wade now proposes. Accordingly Wade's application for reopening is denied.

DeGenaro, J., concurs.

Waite, J., concurs.

Robb, P. J., concurs.