[Cite as *State v. Sanabria*, 2019-Ohio-2869.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2018-A-0076** |
| SANTO SANABRIA, JR., | : | |
| Defendant-Appellee. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2018 CR 0048.

Judgment: Affirmed.

*Nicholas A. Iarocci,* Ashtabula County Prosecutor, and *Shelley M. Pratt,* Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellant).

*April Grabman*, Law Offices of Michelle M. French, LLC, 28 West Jefferson Street, Jefferson, OH 44047 (For Defendant-Appellee).

MATT LYNCH, J.

{¶1}  Plaintiff-appellant, the State of Ohio, appeals the "ruling" of the Ashtabula County Court of Common Pleas, acquitting defendant, Santo Sanabria, Jr., of Felonious Assault pursuant to Criminal Rule 29.  For the following reasons, the State's assignment of error has merit although this court is without authority to alter the fact of Sanabria's acquittal and, therefore, we affirm the judgment of the court below.

{¶2}  On January 24, 2018, the Ashtabula County Grand Jury indicted Sanabria

of the following: Felonious Assault (Count One), a felony of the second degree in violation of R.C. 2903.11(A)(1); Felonious Assault (Count Two), a felony of the second degree in violation of R.C. 2903.11(A)(2); Abduction (Count Three), a felony of the third degree in violation of R.C. 2905.02(A)(2); Disrupting Public Services (Count Four), a felony of the fourth degree in violation of R.C. 2909.04(A)(1); Aggravated Possession of Drugs (Count Five), a felony of the fifth degree in violation of R.C. 2925.11(A) and (C)(1)(a); and Domestic Violence (Count Six), a misdemeanor of the first degree in violation of R.C. 2919.25(A).

{¶3} On January 31, 2018, Sanabria appeared for arraignment and entered a plea of not guilty to all charges.

{¶4} The case was tried before a jury from June 11-12, 2018. Count Five (Aggravated Possession of Drugs) of the Indictment was dismissed on the State's Motion. Counts One (Felonious Assault), Two (Felonious Assault), and Four (Disrupting Public Services) were dismissed on Sanabria's motion for acquittal. The jury returned a verdict of guilty as to Counts Three (Abduction) and Six (Domestic Violence).

{¶5} On September 26, 2018, a sentencing hearing was held at which the trial court ordered Sanabria to serve twenty-four months in prison for Abduction and six months in prison for Domestic Violence, each sentence to be served concurrently with the other. The court's sentence was memorialized in a September 28, 2018 Judgment Entry of Sentence.

{¶6} On October 4, 2018, the State filed a Motion for Leave to Appeal pursuant to Appellate Rule 5(C), on the grounds that "the trial court failed to apply the appropriate case law when it determined that the victim's broken nose was not serious physical

2

harm." This court granted leave on November 21, 2018, recognizing that this issue is "capable of repetition." *State ex rel. Ramirez-Ortiz v. Twelfth Dist. Court of Appeals,* 151 Ohio St.3d 46, 2017-Ohio-7816, 85 N.E.3d 725, ¶ 11 ("the state can appeal a discrete legal issue when the question is capable of repetition yet evading review (by virtue of the acquittal)").

{¶7} On appeal the State raises the following assignment of error: "The trial court [erred] in granting appellee's Criminal Rule 29 motion for the Felonious Assault charge on the basis that the victim did not sustain serious physical harm."

{¶8} "The court on motion of a defendant * * * shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." Crim.R. 29(A). Sufficiency is a test of the adequacy of the evidence either to "determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." (Citation omitted.) *State v. Thompkins,* 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt," i.e., "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶9} In the present case, Sanabria moved for acquittal at the close of the

3

State's evidence. The trial court granted the motion with respect to the first count of Felonious Assault. In order to convict Sanabria of Felonious Assault, the State was required to prove beyond a reasonable doubt that he "knowingly * * * [c]ause[d] serious physical harm to another." R.C. 2903.11(A)(1).

{¶10} The court explained its reasoning:

> Looking at Count 1, the felonious assault. The medical records are real -- well, first of all we had the testimony of the victim [Kiffany Gayheart]. She says she didn't have any serious injuries. So that's number one. But we have the medical record, and as you pointed out, the most serious injury that is described is the broken nose. So I'm looking at 2901.01, I guess it's (A)(5) probably[1]. So serious physical harm to persons means any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment. We don't have that in this case. Any physical harm that carries a substantial risk of death. We don't have that in this case. Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary substantial incapacity. We don't have that in this case. Any physical harm that involves some permanent disfigurement, or that involves some temporary serious disfigurement. Well we don't have permanent disfigurement, that's for sure. Could this be considered a temporary serious disfigurement? I don't think so, on the evidence that I heard. Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain. We had the testimony of the victim. I don't think there's any proof in this case of serious physical harm, notwithstanding that you may disagree about how serious a broken nose is. So I'm gonna grant the motion as to Count 1, Rule 29. That count will be dismissed.

{¶11} Additional evidence presented at trial with respect to Gayheart's injuries

---

1. "Serious physical harm" is defined statutorily as "any of the following:"
   (a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;
   (b) Any physical harm that carries a substantial risk of death;
   (c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;
   (d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;
   (e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain.
R.C. 2901.01(A)(5).

4

included the following testimony: Although denying that Sanabria caused her any injury, Gayheart testified that a broken nose "never heals" so that it would not be possible to say whether her nose was broken on the night in question or on an earlier occasion.

{¶12} Shira Mixer, Gayheart's mother, testified regarding her daughter's condition on the night in question: "her nose was pointing to the other side of her face and swollen"; "she had a shoe imprint mark on her tank top"; "she kept saying her ribs were hurting"; "her foot was bleeding"; and "I couldn't even touch her – she was in so much pain." Mixer drove Gayheart to the Ashtabula County Medical Center emergency room.

{¶13} Gayheart's medical records indicated symptoms of "headaches" and "neck pain," "bilateral nasal bone fractures," and "multiple contusions" and abrasions to the face, neck, and ribs. Photographs of Gayheart's injuries were also submitted into evidence.

{¶14} Deputy Patrick Evans of the Ashtabula County Sheriff's Department testified that Gayheart "had visible injuries across * * * her entire body," including "abrasions on her right arm, her nose was swollen, * * * a red mark behind her ear which she claimed was from a gun." Deputy Brian Sterrick testified similarly regarding Gayheart's physical condition.

{¶15} When considering whether sufficient evidence exists to support a finding of serious physical harm, Ohio's appellate courts have reiterated the following points. "[T]he degree of harm that rises to the level of 'serious' physical harm is not an exact science, particularly when the definition includes such terms as 'substantial,' 'temporary,' 'acute,' and 'prolonged.'" (Citation omitted.) *State v. Rogers*, 8th Dist.

5

Cuyahoga No. 105879, 2018-Ohio-3495, ¶ 37. "The extent or degree of a victim's injuries is 'normally a matter of the weight rather than the sufficiency of the evidence.'" *Id.* citing *State v. Irwin*, 7th Dist. Mahoning No. 06 MA 20, 2007-Ohio-4996, ¶ 37. Finally, "it is well-established that this element may be reasonably inferred '[w]here injuries to the victim are serious enough to cause him or her to seek medical treatment.'" (Citation omitted.) *State v. Bowden*, 11th Dist. Ashtabula No. 2013-A-0040, 2014-Ohio-158, ¶ 33; *Rogers* at ¶ 38.

**{¶16}** In light of these principles, the trial court erred in granting the motion for acquittal with respect to Felonious Assault (Count One). There is abundant case law supporting the conclusion that the jury could have inferred serious physical harm based on the evidentiary record in this case. *State v. Thomas*, 2015-Ohio-5247, 54 N.E.3d 732, ¶ 23 (9th Dist.) (victim was hit in the eye with a closed fist, described the pain as a "10" on a scale of one to ten, and had difficulty seeing); *Bowden*, at ¶ 9 (victim suffered "multiple hematomas around her head, a broken nose, and cervical sprain"); *State v. Phillips*, 9th Dist. Medina No. 06CA0027-M, 2006-Ohio-6909, ¶ 16 ("facial bruising and swelling and an orbital fracture are sufficient injuries to take the issue of serious physical harm to the jury"); *State v. Worrell*, 10th Dist. Franklin No. 04AP-410, 2005-Ohio-1521, ¶ 50 (victim "sustained extensive bruising on her lower back and hip") and 49 ("other appellate courts have recognized that bruising constitutes serious physical harm under certain circumstances") (cases cited), *rev'd on other grounds, sub nom. In re Ohio Criminal Sentencing Statutes*, 109 Ohio St.3d 313, 2006-Ohio-2109, 847 N.E.2d 1174.

**{¶17}** We further note that, because there was testimony of injuries to the victim,

6

a jury instruction on the lesser included offense of Assault, which requires "physical harm" rather than "serious physical harm," was appropriate. R.C. 2903.13(A). "The trial court must give an instruction on a lesser included offense if under any reasonable view of the evidence it is possible for the trier of fact to find the defendant not guilty of the greater offense and guilty of the lesser offense." *State v. Wine*, 140 Ohio St.3d 409, 2014-Ohio-3948, 18 N.E.3d 1207, ¶ 34. The determination of the seriousness of the harm to the victim is the province of the jury. The Criminal Rule 29 motion should have been denied but addressed by the trial court by giving the lesser included offense instruction.

**{¶18}** The sole assignment of error is with merit.

**{¶19}** Although the trial court erred in granting Sanabria's motion for acquittal with respect to Felonious Assault (Count One), principles of double-jeopardy bar his retrial on that charge. *State v. Keeton*, 18 Ohio St.3d 379, 380-381, 481 N.E.2d 629 (1985); *State v. Bistricky*, 51 Ohio St.3d 157, 555 N.E.2d 644 (1990), syllabus ("[a] court of appeals has discretionary authority pursuant to R.C. 2945.67(A) to review substantive law rulings made in a criminal case which result in a judgment of acquittal so long as the judgment itself is not appealed"). The judgment of the court below is affirmed.

CYNTHIA WESTCOTT RICE, J.,

MARY JANE TRAPP, J.,

concur.