[Cite as *State v. Rivers*, 2019-Ohio-2375.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JOHNNY RIVERS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 17 MA 0078**

---

Criminal Appeal from the
Youngstown Municipal Court of Mahoning County, Ohio
Case No. 17 CRB 192Y

**BEFORE:**
David A. D'Apolito, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed

---

*Atty. Jeffrey Moliterno*, Assist. Prosecutor, 9 West Front Street, Third Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee and

*Atty. Jan Mostov*, 1108 Ravine Drive, Youngstown, Ohio 44505, for Defendant-Appellant.

Dated:  June 10, 2019

———————————

**D'Apolito, J.**

{¶1}    Appellant Johnny Rivers appeals the imposition of a thirty-day jail sentence, a $100.00 probation fee, and one year of intensive probation by the Youngstown Municipal Court after he entered guilty pleas and was convicted of four violations of Youngstown General Property Maintenance Ordinance 546.04, misdemeanors of the third degree.

{¶2}    Appellant's sole assignment of error, filed pursuant to this Court's directive in *State v. Cruz-Ramos*, 7th Dist. No. Mahoning 17 MA 0077, 2018-Ohio-1583, is ineffective assistance of counsel.  Appellant contends that the trial court may have imposed a lesser sentence, but for his trial counsel's failure to request that the sentencing hearing be continued for more than thirty days in order to provide additional time to Appellant to remediate the offending property.  Because Appellant relies upon suppositions rather than facts to support his claim, his sole assignment of error is overruled and the judgment entry of the trial court is affirmed.

## ORDINANCE 546.04

{¶3}    The relevant portions of Ordinance 546.04 read, in their entirety:

(1) SANITATION. All exterior property and premises shall be maintained free from an unreasonable accumulation of waste, trash, garbage and rubbish. In determining whether such accumulation is unreasonable, the Code Official or his or her designee shall consider whether it is unsightly, has an unpleasant odor, or is otherwise detrimental to the health, safety and welfare of the area in which it is found. Where an accumulation is specifically allowed under another provision of this Code, on a temporary basis, it shall not be considered unreasonable.

* * *

Case No. 17 MA 0078

(7) ACCESSORY STRUCTURES. All accessory structures, including detached garages, fences and walls, shall be maintained structurally sound and in good repair.

* * *

(10) SWIMMING POOLS. Swimming pools shall be maintained in a clean and sanitary condition, and in good repair.

* * *

(20) ROOFS AND DRAINAGE. All roofs shall be maintained weather tight and shall be equipped with gutters and downspouts connected to a public storm sewer. The roof and flashing shall be sound, tight and not have defects that admit rain. Roof drainage shall be adequate to prevent dampness or deterioration in the walls or interior portion of the structure. Roof drains, gutters and downspouts shall be maintained in good repair and free from obstructions. Roof water shall not be discharged in a manner that creates a public nuisance.

## PROCEDURAL HISTORY

**{¶4}** On February 1, 2017, a summons and four complaints were issued by the trial court, charging Appellant with violations of the City's general property maintenance ordinance. Supporting documentation, which was prepared by City Code Official Abigail Beniston and attached to the complaints, reads, in its entirety:

> On Wednesday, January 25, 2017, I went out to the property located at 104 Jacobs Road to perform an inspection. Upon arriving I saw a fence with missing and broken sections that did not match in color. Weeds throughout the property in excess of eight inches. Dilapidated swimming pool in complete disrepair. The roof on the front portion of the structure is in disrepair with missing shingles. There is rubbish collected throughout the front yard and driveway.

(1/27/17 Memorandum, p. 1).

Case No. 17 MA 0078

{¶5}   Appellant was unrepresented at his arraignment on March 10, 2017, and did not waive his right to a speedy trial.  As a consequence, his trial was scheduled for March 20, 2017.

{¶6}   Rather than proceeding to trial on March 20, 2017, Appellant, now represented by counsel, entered guilty pleas to all four of the violations.  During the plea colloquy, the trial court informed Appellant that each of the violations was a third-degree misdemeanor punishable by up to sixty days in jail and a fine of $500.00.  (*Id.* at 3).

{¶7}   Midway through the colloquy, Appellant informed the trial court that "there [was] a lot [he] didn't understand," so a brief recess was taken to permit Appellant to consult with counsel.

{¶8}   When the hearing resumed, Appellant informed the trial court that his questions had been answered to his satisfaction, but for one.  He inquired:

> Well, the only thing I'm confused about, your Honor, no one ever told me about waiving my rights to a speedy trial.  I need – see, they just started my [Veteran's Administration ("VA")] benefits back.  All I needed was 30 days to get everything together, you know.  I was going to order a dumpster from Happy Dumpster.  That's $240.

(*Id.* at 6).

{¶9}   The trial court responded, "And hopefully you'll do that by the time you come back for sentencing."  (*Id.*)  After Appellant entered his plea, the trial court stated, "Let's set this for sentencing and hopefully you will have everything cleared up by the time you come back and it will be – it will be okay for you."  (*Id.* at 7).

{¶10}  In Ohio, a trial court may proceed directly to sentencing after a plea is entered.  However, defense counsel requested that the sentencing hearing be continued for one month, because Appellant and his counsel "believe[d] [they had] a plan in place to mitigate the severity of some of the[ ] issues."  (2/20/17 Plea Hrg. 2-3).  The sentencing hearing was scheduled for April 21, 2017.

{¶11}  At the sentencing hearing on April 21, 2017, the trial court recognized that "we set it for sentencing so the property can be cleaned up, I'm assuming."  (4/21/17 Sent.

Hrg. 2). Defense counsel acknowledged that the thirty-day continuance "gave [his] client the opportunity to mitigate some of the circumstances surrounding his guilty plea." (*Id.*)

{¶12} However, the City offered photographs of the property that, according to an unidentified speaker at the hearing, were taken that morning. The photographs are not in the record. After viewing the photographs, the trial court said to Appellant, "[w]ell, if this is how you want to keep your property, sir, shame on you." (*Id.* at 3).

{¶13} Defense counsel explained that Appellant had expended approximately $4,000.00 for fence posts and roofing materials, and roughly $2,000.00 for roof repair, which was in the process of being completed. He further explained that Appellant had spent over $600.00 for two dumpsters, one dedicated exclusively to old roofing materials, and the other to be filled with trash and debris when it was delivered.

{¶14} At the time of sentencing, the pool had been dismantled but the slide remained, the offending fence posts had been removed, and new fence posts were purchased but not installed. Remediation had been delayed by Time Warner, which was scheduled to send a technician to Appellant's property on the following Tuesday. Defense counsel explained, "So it's not that he isn't working. He is working.* * * Unfortunately, we had this court date coming up. He has tried." (*Id.* at 3-5).

{¶15} Defense counsel further explained that Appellant's VA benefits had been erroneously reduced by half roughly two years prior to the sentencing hearing. In March of 2017, roughly one month after the summons and complaint were filed in this case, the VA rectified the problem and issued a lump-sum payment, as well as restored Appellant's original monthly benefit amount. The lump-sum payment was the source of funding for the remediation efforts at the property. (*Id.* at 6).

{¶16} Defense counsel offered receipts documenting Appellant's expenditure of funds over the previous month, but the trial court responded, "I don't care about receipts. Cleanliness, or lack thereof, doesn't necessarily take thousands of dollars. It just takes commitment." (*Id.* at 8).

{¶17} Beniston, who attended the sentencing hearing on behalf of the City provided the following information in response to an inquiry from the trial court regarding the current state of the property:

Well, your Honor, I will tell you that there has been work on the property. But I would agree with the previous statement that a lot of these are self-help issues. We have unlimited garbage service in [the City].

\* \* \*

This could have been taken to the curb and cleared up over time. We reached out on several occasions. [Appellant], he came in and met with Attorney (inaudible) and myself, involved in a last-ditch effort to please respond to us. Unfortunately, that didn't happen and we weren't taken seriously.

Like I said, some progress has been made. But the neighbors in this area, the counsel person and the residents that come to every city council meeting are saying, please, we just want it cleaned up. We just want it to look better. We take care of our neighborhood. We would just like to see the property in compliance.

(*Id.* at 8-9).

**{¶18}** The trial court addressed Appellant:

When you've let your property become deplorable over a period of years, two weeks is not enough time to clean it up. Your neighbors have lived with it for years. They're sick of it. So while I appreciate that you're trying to clean it up now, you're not Superman and you're not gonna get it that way. So you leave me no choice but to incarcerate you. Because if you think a little bit of effort here solves the problem, it doesn't.

(*Id.* at 9).

**{¶19}** Appellant responded that he gave the majority of his VA benefits over the course of the previous two years to his ex-wife to maintain a home for her and his children. He further stated that his ex-wife abandoned the home without his knowledge and absconded with his money. Unmoved, the trial court replied, "Here we go again with the money.\* \* \* What's wrong with good old elbow grease." (*Id.* at 10). The trial court imposed

Case No. 17 MA 0078

a thirty-day jail sentence. At the conclusion of the hearing, the trial court notified Appellant that no financial sanction was imposed but that court costs were being assessed because they could not be waived. (*Id.* at 13).

## INEFFECTIVE ASSISTANCE OF COUNSEL

**{¶20}** In order to demonstrate ineffective assistance of counsel, Appellant must show that trial counsel's performance fell below an objective standard of reasonable representation, and prejudice arose from the deficient performance. *State v. Bradley*, 42 Ohio St.3d 136, 141-143, 538 N.E.2d 373 (1989), citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Both prongs must be established: If counsel's performance was not deficient, then there is no need to review for prejudice. Likewise, without prejudice, counsel's performance need not be considered. *State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000).

**{¶21}** In Ohio, a licensed attorney is presumed to be competent. *State v. Calhoun*, 86 Ohio St.3d 279, 289, 714 N.E.2d 905 (1999). In evaluating trial counsel's performance, appellate review is highly deferential as there is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Bradley* at 142-143, citing *Strickland* at 689. Appellate courts are not permitted to second-guess the strategic decisions of trial counsel. *State v. Carter*, 72 Ohio St.3d 545, 558, 651 N.E.2d 965 (1995).

**{¶22}** Even instances of debatable strategy very rarely constitute ineffective assistance of counsel. *See State v. Thompson*, 33 Ohio St.3d 1, 10, 514 N.E.2d 407 (1987). The United States Supreme Court has recognized that there are "countless ways to provide effective assistance in any given case." *Bradley* at 142, citing *Strickland* at 689.

**{¶23}** To show prejudice, a defendant must prove his lawyer's deficient performance was so serious that there is a reasonable probability the result of the proceeding would have been different. *Carter* at 558. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Bradley*, 42 Ohio St.3d 136 at fn. 1, 538 N.E.2d 373, quoting *Strickland* at 693. Prejudice from defective representation justifies reversal only where the results were unreliable or

the proceeding was fundamentally unfair as a result of the performance of trial counsel. *Carter*, 72 Ohio St.3d at 558, 651 N.E.2d 965, citing *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).

{¶24} "A claim of ineffective assistance of counsel in a direct appeal must be established by the evidence in the record." *State v. Carter*, 2017-Ohio-7501, 96 N.E.3d 1046, ¶ 78, citing, e.g., *State v. Hartman*, 93 Ohio St.3d 274, 299, 754 N.E.2d 1150 (2001) (if establishing ineffective assistance of counsel requires proof outside the record, then the claim is not properly considered on direct appeal); *see also State v. Ishmail*, 54 Ohio St.2d 402, 406, 377 N.E.2d 500 (1978) (review is limited to what transpired below as reflected by the record on direct appeal). Appellant bears the burden of proof on the issue of counsel's ineffectiveness. *Calhoun,* supra, at 289.

## ASSIGNMENT OF ERROR

**MR. RIVERS WAS DENIED HIS RIGHT TO COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION, AND WAS PREJUDICED AS A RESULT.**

{¶25} In order to demonstrate ineffective assistance of counsel, Appellant must show both that trial counsel's inaction constituted deficient performance and that the resulting sentence was fundamentally unfair because of trial counsel's inaction. In his brief, Appellant writes that, but for trial counsel's failure to request a longer continuance of the sentencing hearing, the trial court "*may* not have imposed all or part of the thirty (30) day jail sentence or the $100.00 probation fee he received, along with the imposition of one year of Intensive Probation." (Appellant's Brf. 5)(emphasis added).

{¶26} Appellant's deficient performance and prejudice arguments rest on three suppositions unsupported by the record: First, the trial court was inclined to extend the sentencing hearing beyond the thirty days actually requested by Appellant at the hearing. Second, Appellant would have remediated the property to the trial court's satisfaction within the unspecified allotted time. Third, the trial court would have imposed a lesser sentence if the property had been acceptably remediated at the time of sentencing.

**{¶27}** However, an ineffective assistance of counsel claim cannot be predicated upon supposition. *State v. Watkins*, 7th Dist. Jefferson No. 07 JE 54, 2008-Ohio-6634, ¶ 15. Likewise, proof of ineffective assistance of counsel requires more than vague speculations of prejudice. *Id.* ¶ 55, citing *State v. Otte*, 74 Ohio St.3d 555, 565, 1996-Ohio-108, 660 N.E.2d 711.

**{¶28}** Further, a review of the sentencing hearing reveals that the trial court did not impose the thirty-day sentence based on the lack of progress on the structural repairs, but, instead, because Appellant had failed to remove trash and debris from his property. The trial court specifically recognized that it did not expect Appellant to completely remediate the property in the limited time between the plea hearing and the sentencing hearing.

**{¶29}** The trial court's sentence was predicated upon Beniston's testimony that Appellant had been contacted on more than one occasion but refused to cooperate with the City in its effort to haul away his trash. Because the sentence was based on Appellant's lack of "elbow grease," rather than the failure to complete structural repairs beyond his temporal limits, we find that Appellant has failed to demonstrate the nexus between trial counsel's alleged inaction and the sentence imposed by the trial court.

**{¶30}** Finally, Appellant essentially concedes his ineffective assistance claim by arguing that the trial court *may* have imposed a lesser sentence. The ineffective assistance of counsel standard requires a different probable outcome, rather than a different possible outcome. *See Carter*, 72 Ohio St.3d at 558.

### CONCLUSION

**{¶31}** Because Appellant's argument is based on supposition built upon supposition, and the record reveals that the sentence was predicated upon Appellant's failure to haul away trash, rather than the limited progress of the structural repairs, Appellant has failed to demonstrate both deficient performance by his trial counsel and resulting prejudice. Accordingly, Appellant's sole assignment of error is overruled and the judgment entry of the trial court is affirmed.

Waite, J., concurs.

Robb, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Youngstown Municipal Court of Mahoning County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**