[Cite as *State v. Holcomb*, 2020-Ohio-561.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

CHARLES P. HOLCOMB, JR.,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 18 CO 0039**

---

Criminal Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 2018-CR-300

**BEFORE:**
David A. D'Apolito, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Robert Herron*, Columbiana County Prosecutor and *Atty. Ryan P. Weikart*, Assistant Prosecuting Attorney, 105 South Market Street, Lisbon, Ohio 44432, for Plaintiff-Appellee and

*Atty. Scott Essad,* 721 Boardman-Poland Road, Suite 201, Youngstown, Ohio 44512, for Defendant- Appellant.

Dated:  February 13, 2020

_____

**D'APOLITO, J.**

{¶1}    Appellant, Charles P. Holcomb, Jr., appeals from the November 26, 2018 judgment of the Columbiana County Court of Common Pleas convicting him for felonious assault following a jury trial and sentencing him to five years in prison.  On appeal, Appellant argues that Appellee, the State of Ohio, presented insufficient evidence and his conviction is against the manifest weight of the evidence.  Appellant further contends he received ineffective assistance of counsel due to his trial attorney's failure to request an instruction on an inferior degree offense or on a lesser included offense.  Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2}    On September 14, 2018, Appellant was indicted by the Columbiana County Grand Jury on one count of felonious assault, a felony of the second degree, in violation of R.C. 2903.11(A)(1).  Appellant was appointed counsel and pleaded not guilty at his arraignment.

{¶3}    A jury trial commenced on November 19, 2018.

{¶4}    The State presented three witnesses: Jessica Taylor, an eyewitness; Captain Fred Flati, with the East Liverpool Police Department; and Albert Fullerton, the victim.

{¶5}    An altercation took place on July 25, 2018, just after midnight.  Taylor and Fullerton lived on opposite sides of a duplex.  The building has separate front porches divided by a railing.  The porches are accessed by several steps and are approximately four feet above a concrete sidewalk.  Appellant was staying across the street at his mother's home.

{¶6}    Appellant was outside smoking with a 16-year-old neighborhood friend.  Taylor was also outside.  Knowing that the minor's mother would disapprove of her son's behavior, Taylor told him, "'You better get * * * home.  Your mom's gonna be mad.'" (11/19/18 Jury Trial T.p. 157).  Taylor testified that Appellant was "very mean," was

"yelling" at her, crossed the street, went onto her front porch, and placed his hands on her face. (T.p. 160). Taylor yelled for her boyfriend, who was inside, to call the police.

**{¶7}** Fullerton heard the commotion and went onto his front porch. Fullerton told Appellant, "'If you have a problem with [Taylor], you have a problem with me.'" (T.p. 177). According to Taylor, Appellant then ran onto Fullerton's porch, grabbed Fullerton's arm with his left hand, grabbed Fullerton by the back of the neck with his right hand, and threw him, face-first, down the stairs onto the concrete sidewalk below. (T.p. 162-163, 178-179, State's Exhibit 1).

**{¶8}** Fullerton was transported via ambulance to the hospital with "life threatening" injuries. (T.p. 190). He was placed on life support and was treated for multiple skull fractures, cheekbone fractures, broken ribs, and a collapsed lung. At the time of trial, Fullerton was still receiving medical treatment and suffered from memory, hearing, and vision loss. Fullerton has no recollection of the July 25, 2018 assault.

**{¶9}** Appellant was arrested by the East Liverpool Police Department. Captain Flati testified that Appellant was "intoxicated," "very, very aggressive," "uncooperative," "very, very angry," "irate," "very belligerent," and "uncontrollable" at the police station. (T.p. 195-196). In the booking area, Captain Flati indicated that Appellant acknowledged throwing Fullerton down the steps. Police officers also recovered a home surveillance video from across the street where the incident took place. The video shows the assault as described by Taylor. (State's Exhibit 1).

**{¶10}** At the close of the State's case, defense counsel moved for an acquittal pursuant to Crim.R. 29, which was overruled by the trial court.

**{¶11}** Appellant testified that he and Fullerton were friends. Appellant claimed that Fullerton wanted to fight him and that he hurt Fullerton "on accident." (T.p. 237). Appellant testified, "I admit, I did hurt him. I hurt him real bad." (T.p. 239). Regarding the crime at issue, Appellant stated, "I did it. I slammed [Fullerton]." (T.p. 241). Appellant claimed, however, that it was not his intent to hurt Fullerton. Appellant stated that Taylor never liked him and that she was not telling the truth.

**{¶12}** At the conclusion of all of the evidence, Defense counsel renewed the Crim.R. 29 motion for acquittal, which was overruled by the trial court.

{¶13} The jury found Appellant guilty of felonious assault as charged in the indictment.

{¶14} On November 26, 2018, the trial court sentenced Appellant to five years in prison, with 116 days of credit for time served. The court further advised Appellant that post-release control is mandatory for three years. Appellant filed a timely appeal and raises three assignments of error.

## ASSIGNMENT OF ERROR NO. 1

**THE STATE FAILED TO PROVE THE ELEMENTS OF FELONIOUS ASSAULT. ALTHOUGH THE CONSEQUENCES OF THE EVENTS WERE SERIOUS, THERE WAS NO "KNOWING" INTENT TO DO "SERIOUS PHYSICAL HARM" AS REQUIRED BY THE STATUTE. THE VERDICT WAS BOTH LEGALLY INSUFFICIENT AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.**

"When a court reviews a record for sufficiency, '(t)he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' *State v. Maxwell*, 139 Ohio St.3d 12, 2014-Ohio-1019, 9 N.E.3d 930, ¶ 146, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus; *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

In determining whether a criminal conviction is against the manifest weight of the evidence, an Appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997); *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, 960 N.E.2d 955, ¶ 119.* * *

> The weight to be given to the evidence and the credibility of the witnesses are nonetheless issues for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger*, 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997).

*State v. T.D.J.*, 7th Dist. Mahoning No. 16 MA 0104, 2018-Ohio-2766, ¶ 46-48.

**{¶15}** "'(C)ircumstantial evidence and direct evidence inherently possess the same probative value.'" *State v. Biros*, 78 Ohio St.3d 426, 447 (1997), quoting *Jenks, supra*, paragraph one of the syllabus.

**{¶16}** For the reasons addressed below, we determine the judgment is not against the manifest weight of the evidence and further conclude it is supported by sufficient evidence.

**{¶17}** Appellant takes issue with the guilty finding for felonious assault, a felony of the second degree, in violation of R.C. 2903.11(A)(1), which states: "[n]o person shall knowingly * * * [c]ause serious physical harm to another[.]"

**{¶18}** "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist." R.C. 2901.22(B).

**{¶19}** This court's review of the record establishes there was ample proof that Appellant knowingly caused serious physical harm to Fullerton.

**{¶20}** Appellant mistakenly claims that Fullerton testified that this assault consisted of drinking which led to Appellant becoming mad, following him inside the house, and swinging at him. The transcript reveals that Fullerton was describing another incident that occurred about two years prior. That previous incident will not be confused with the incident at issue here.

**{¶21}** As stated, on July 25, 2018, just after midnight, Appellant was outside smoking with a 16-year-old neighborhood friend. Taylor was also outside. Knowing that the minor's mother would disapprove of her son's behavior, Taylor told him, "'You better

get * * * home.  Your mom's gonna be mad.'" (11/19/18 Jury Trial T.p. 157).  Taylor testified that Appellant was "very mean," was "yelling" at her, crossed the street, went onto her front porch, and placed his hands on her face.  (T.p. 160).  Taylor yelled for her boyfriend, who was inside, to call the police.

**{¶22}** Fullerton, Taylor's next door neighbor, heard the commotion and went onto his front porch.  Fullerton told Appellant, "'If you have a problem with [Taylor], you have a problem with me.'" (T.p. 177).  According to Taylor, Appellant then ran onto Fullerton's porch, grabbed Fullerton's arm with his left hand, grabbed Fullerton by the back of the neck with his right hand, and threw him, face-first, down the stairs onto the concrete sidewalk below.  (T.p. 162-163, 178-179, State's Exhibit 1).  Fullerton sustained "life threatening" injuries.  (T.p. 190).  At the time of trial, Fullerton still received medical treatment.  He had no recollection of the assault.

**{¶23}** Appellant was arrested.  Captain Flati testified that Appellant was "intoxicated," "very, very aggressive," "uncooperative," "very, very angry," "irate," "very belligerent," and "uncontrollable" at the police station.  (T.p. 195-196).  Captain Flati indicated that Appellant acknowledged throwing Fullerton down the steps.  Police officers also recovered a home surveillance video from across the street where the assault took place.  The video, played for the jury and viewed by this court, shows the assault as described by Taylor.  (State's Exhibit 1).

**{¶24}** Appellant took the stand and testified in his own defense.  Appellant admitted that he "hurt" and "slammed" Fullerton but claimed it was all "on accident." (T.p. 237-241).

**{¶25}** Pursuant to *Jenks, supra*, there is sufficient evidence upon which the jury could reasonably conclude beyond a reasonable doubt that the elements of felonious assault were proven.  Thus, the trial court did not err in overruling Appellant's Crim.R. 29 motion.

**{¶26}** Also, the jury chose to believe the State's witnesses.  *DeHass, supra*, at paragraph one of the syllabus.  Based on the evidence presented, as previously stated, the jury did not clearly lose its way in finding Appellant guilty of felonious assault. *Thompkins, supra*, at 387.

**{¶27}** Appellant's first assignment of error is without merit.

## ASSIGNMENT OF ERROR NO. 2

**THERE SHOULD HAVE BEEN AN INSTRUCTION ON AGGRAVATED ASSAULT AS AN INFERIOR DEGREE OF FELONIOUS ASSAULT. THE EVIDENCE SUPPORTED THAT. HOLCOMB'S COUNSEL WAS INEFFECTIVE FOR NOT ASKING FOR SUCH A CHARGE, AND THE TRIAL COURT ERRED BY NOT INCLUDING ONE.**

## ASSIGNMENT OF ERROR NO. 3

**THERE SHOULD HAVE BEEN AN INSTRUCTION ON THE LESSER-INCLUDED OFFENSE OF RECKLESS ASSAULT. THE EVIDENCE WAS SUFFICIENT TO SUPPORT THAT. HOLCOMB'S COUNSEL WAS INEFFECTIVE FOR NOT ASKING FOR SUCH A CHARGE, AND THE TRIAL COURT ERRED BY NOT INCLUDING ONE.**

{¶28} Because Appellant's second and third assignments of error call into question whether his counsel was ineffective for not requesting an instruction on an inferior degree offense or on a lesser included offense, we will address them in a consolidated fashion.

In order to demonstrate ineffective assistance of counsel, Appellant must show that trial counsel's performance fell below an objective standard of reasonable representation, and prejudice arose from the deficient performance. *State v. Bradley*, 42 Ohio St.3d 136, 141-143, 538 N.E.2d 373 (1989), citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Both prongs must be established: If counsel's performance was not deficient, then there is no need to review for prejudice. Likewise, without prejudice, counsel's performance need not be considered. *State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000).

In Ohio, a licensed attorney is presumed to be competent. *State v. Calhoun*, 86 Ohio St.3d 279, 289, 714 N.E.2d 905 (1999). In evaluating trial counsel's

performance, appellate review is highly deferential as there is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Bradley* at 142-143, citing *Strickland* at 689. Appellate courts are not permitted to second-guess the strategic decisions of trial counsel. *State v. Carter*, 72 Ohio St.3d 545, 558, 651 N.E.2d 965 (1995).

Even instances of debatable strategy very rarely constitute ineffective assistance of counsel. *See State v. Thompson*, 33 Ohio St.3d 1, 10, 514 N.E.2d 407 (1987). The United States Supreme Court has recognized that there are "countless ways to provide effective assistance in any given case." *Bradley* at 142, citing *Strickland* at 689.

To show prejudice, a defendant must prove his lawyer's deficient performance was so serious that there is a reasonable probability the result of the proceeding would have been different. *Carter* at 558. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Bradley*, 42 Ohio St.3d 136 at fn. 1, 538 N.E.2d 373, quoting *Strickland* at 693. Prejudice from defective representation justifies reversal only where the results were unreliable or the proceeding was fundamentally unfair as a result of the performance of trial counsel. *Carter*, 72 Ohio St.3d at 558, 651 N.E.2d 965, citing *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).

* * *

[A]n ineffective assistance of counsel claim cannot be predicated upon supposition. *State v. Watkins*, 7th Dist. Jefferson No. 07 JE 54, 2008-Ohio-6634, ¶ 15. Likewise, proof of ineffective assistance of counsel requires more than vague speculations of prejudice. *Id.* ¶ 55, citing *State v. Otte*, 74 Ohio St.3d 555, 565, 1996-Ohio-108, 660 N.E.2d 711.

*State v. Rivers*, 7th Dist. Mahoning No. 17 MA 0078, 2019-Ohio-2375, ¶ 20-23, 27.

Case No. 18 CO 0039

**{¶29}** Appellant specifically contends that his trial counsel was ineffective for failing to request jury instructions on an inferior degree offense (aggravated assault) or on a lesser included offense (reckless assault).

> The test utilized to determine if an instruction should have been given on an inferior degree offense is the same test used to determine if an instruction should have been given on [a] lesser included offense. *State v. Shane*, 63 Ohio St.3d 630, 632, 590 N.E.2d 272 (1992).

> The Ohio Supreme Court has explained:

> "(A) charge on a lesser included offense is required when the facts warrant it and improper when the facts do not warrant it: 'If the trier of fact could *reasonably* find against the state and for the accused upon one or more of the elements of the crime charged and for the state on the remaining elements, which by themselves would sustain a conviction on a lesser-included offense, then a charge on the lesser-included offense is required. Conversely, if the jury could not reasonably find against the state on an element of the crime, then a charge on a lesser-included offense is not only not required, but is also improper.'"

> *State v. Wine*, 140 Ohio St.3d 409, 2014-Ohio-3948, 18 N.E.3d 1207, ¶ 20.

> Lesser included and/or inferior degree offense instructions are not warranted every time "some evidence" is offered to support the lesser offense. *Shane*, 63 Ohio St.3d at 632.

> Furthermore, a trial counsel's failure to request instructions on lesser included offenses is often a matter of trial strategy and does not per se establish ineffective assistance of counsel. *State v. Griffie*, 74 Ohio St.3d 332, 658 N.E.2d 764 (1996), citing *State v. Clayton*, 62 Ohio St.2d 45, 402 N.E.2d 1189 (1980). Defense counsel's decision to forego an instruction on lesser included offenses, and instead seek an acquittal rather than inviting conviction on a lesser offense, can constitute trial strategy. Debatable

strategic and tactical decisions may not form the basis of a claim for ineffective assistance of counsel, even if, in hindsight, it looks as if a better strategy had been available. *State v. Cook*, 65 Ohio St.3d 516, 524, 605 N.E.2d 70 (1992).

*State v. Henderson*, 7th Dist. Mahoning No. 15 MA 0137, 2018-Ohio-2816, ¶ 68-71.

**{¶30}** Aggravated assault is an inferior degree offense of felonious assault because the elements of the two crimes are identical except that aggravated assault contains the additional mitigating element of serious provocation. *State v. Deem*, 40 Ohio St.3d 205, 210-211, 533 N.E.2d 294 (1988). To be serious, the provocation must bring on extreme stress and be reasonably sufficient to incite the defendant into using deadly force. *Id.* at paragraph five of the syllabus. Here, Appellant failed to provide sufficient evidence of serious provocation to support an instruction on aggravated assault, as it is the defense's position that the victim fell by accident.

**{¶31}** Reckless assault, in violation of R.C. 2903.13(B), is a lesser included offense of felonious assault, in violation of R.C. 2903.11(A)(1). *State v. Tolle*, 12th Dist. Clermont No. CA2014-06-042, 2015-Ohio-1414, ¶ 10. Upon reviewing the evidence presented at trial, we find that the jury could not have reasonably concluded that Appellant was guilty only of the lesser included offense of reckless assault, but not of the greater offense of felonious assault. Again, Appellant's entire defense revolves around an accident. As addressed, the evidence shows Appellant acted knowingly, that is, he was aware his "conduct [would] probably cause a certain result or [would] probably be of a certain nature." R.C. 2901.22(B).

**{¶32}** Furthermore, it appears it was trial strategy for counsel to not request an instruction on the lesser included/inferior degree offenses. It appears Appellant was seeking acquittal, not a conviction on a lesser offense. Appellant fails to demonstrate ineffective assistance of counsel. *See Strickland, supra.* Based on the facts presented, the trial court acted properly in not instructing the jury on aggravated assault or reckless assault.

**{¶33}** Appellant's second and third assignments of error are without merit.

Case No. 18 CO 0039

**CONCLUSION**

{¶34} For the foregoing reasons, Appellant's assignments of error are not well-taken. The judgment of the Columbiana County Court of Common Pleas convicting Appellant for felonious assault following a jury trial and sentencing him to a five-year sentence is affirmed.

Waite, P.J., concurs.

Robb, J., concurs.

Case No. 18 CO 0039

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**