{¶ 32} Respectfully, I dissent only as regards appellant's burglary conviction. The majority holds that there is sufficient evidence of burglary "by force, stealth or deception," but remands the matter because the trial judge incorrectly nominated the burglary a felony of the second degree, when, in fact, it is a felony of the third degree. I agree with the majority that the burglary as charged is a felony of the third (and not the second) degree. I, however, find no evidence whatsoever of force, stealth or deception exercised by Russell in order to gain entry into Gaston's office.
 {¶ 33} The building at issue is one open to students during classtimes. It is unrebutted that, at the time of this theft, Russell was a student at Cuyahoga Community College, and in the building for a class. The evidence is also unrebutted that students were permitted back in the faculty area of the second floor, where Gaston testified she saw Russell. While Gaston testified that she left her purse in a file drawer in her office, there was no testimony whatsoever that Russell was in her office; all the testimony elicited at trial merely placed Russell in the vicinity of the purse in a common hallway.
 {¶ 34} I find the testimony regarding the missing money, Russell's proximity to the purse which contained the money, and his suspicious behavior while leaving both the faculty hallway and the building sufficient to infer the theft from the purse. I cannot stretch that inference to encompass the manner and means by which entry was made into Gaston's office and file drawer. I disagree with the majority's contention that Russell's stealth in avoiding detection after-the-fact equates to the stealth required to be proved as a manner of entry into the prohibited area.
 {¶ 35} This court reached a similar result in State v. Howard, Cuyahoga App. No. 85500, 2005-Ohio-5135. In Howard, there was no evidence as to the means of entry. There was testimony only that the victim did not give the defendant permission to enter her home. This court held that even though the State proved beyond a reasonable doubt the element of trespass, the defendant's manner of entry could not be inferred from the trespass. There was no testimony as to whether the doors to the victim's house were opened or closed, locked or unlocked, or whether the defendant's children, who were in the home, let him in. This court found that there was no nexus between the surprise of the victim upon seeing appellant in her home, and the manner and means by which he gained entrance. See, also, State v. Isom (Nov. 29, 2001), Cuyahoga App. No. 78959 (reversing a breaking and entering conviction because the State failed to present evidence that the defendant entered a garage by force, stealth or deception).
 {¶ 36} In this case, there was no testimony that Russell was even in Gaston's office and, accordingly, no evidence as to the manner and means of entry. Accordingly, I would vacate Russell's burglary conviction, and proceed to sentence him on the misdemeanor theft offense only.