[Cite as *State v. Nutt*, 2023-Ohio-1327.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2022-T-0088** |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| JOSHUA A. NUTT, | |
| Defendant-Appellant. | Trial Court No. 2020 CR 00659 |

## O P I N I O N

Decided: April 24, 2023
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Rachel A. Kopec*, 50 Public Square, Suite 1900, Cleveland, OH 44113 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Defendant-appellant, Joshua A. Nutt ("Mr. Nutt"), appeals his convictions for burglary and aggravated menacing following a jury trial in the Trumbull County Court of Common Pleas.

{¶2} Mr. Nutt presents three assignments of error, which we review out of order, contending (1) there was insufficient evidence to support his convictions; (2) the trial court erred by refusing to instruct the jury on the lesser included offense of criminal trespass; and (3) his convictions are against the manifest weight of the evidence.

{¶3} After a careful review of the record and pertinent law, we find as follows:

**{¶4}** (1) Mr. Nutt's burglary conviction was supported by sufficient evidence. The victim's testimony that Mr. Nutt entered her home by opening her closed, unlocked door, if believed, was sufficient to establish the "force" element of burglary beyond a reasonable doubt.

**{¶5}** (2) The trial court did not err by failing to instruct the jury on criminal trespass as a lesser included offense of burglary. Contrary to Mr. Nutt's assertions, the trial court applied the correct legal standard, and Mr. Nutt has not presented a reasonable view of the evidence that supports his acquittal for burglary.

**{¶6}** (3) Mr. Nutt has not asserted a valid basis to challenge the manifest weight of the evidence. Rather, he mischaracterizes the trial evidence and reiterates his sufficiency argument.

**{¶7}** Thus, we affirm the judgment of the Trumbull County Court of Common Pleas.

### Substantive and Procedural History

**{¶8}** S.U., the victim in this case, has lived at her home in Cortland, Ohio, since 2006. She has known Mr. Nutt and his family for her entire life. S.U. and Mr. Nutt once had a close friendship, but it began to deteriorate in 2014 or 2015. She was very guarded with Mr. Nutt because he was always asking her for help.

**{¶9}** S.U. last saw Mr. Nutt in 2016, although he repeatedly contacted her through Facebook Messenger. Mr. Nutt would get angry and threatening if she did not respond or if she refused his requests for help. When S.U. would respond, she urged Mr. Nutt, a military veteran, to get help from the VA. In June 2020, she sent Mr. Nutt a message telling him to never come to her home and blocked him.

2

Case No. 2022-T-0088

{¶10} On the morning of August 30, 2020, S.U. was alone in her home, standing at the kitchen sink. Mr. Nutt entered S.U.'s open garage and opened the closed, unlocked door that led into her kitchen. He then entered her home and said, "Hey, dick." S.U. asked what he wanted. When Mr. Nutt saw that she was not happy to see him, he said "That's no way to treat someone you haven't seen for years." She responded that he had done nothing but threaten and harass her and told him to leave. Mr. Nutt said, "You're lucky I don't shoot you." S.U. yelled at him to get out, and he lunged toward her. According to S.U., she feared Mr. Nutt was going to kill her.

{¶11} S.U. ran out of her back sliding door and into her backyard. She began screaming, hoping that her neighbors would hear her. Mr. Nutt followed but stopped at the doorway. He then turned around, walked back into to the kitchen, picked up S.U.'s cell phone from the kitchen counter, and exited the residence through the garage. S.U. followed behind him, yelled for him to return her phone, and hit the panic button on her home security system. According to S.U., the alarm system was installed the previous month because of Mr. Nutt's threatening messages and because he had previously come over unannounced when she was not home. Mr. Nutt dropped the phone, got into his vehicle, and began to drive away. As he did so, S.U. picked up her phone, took a photo of Mr. Nutt's vehicle and license plate, and called 911.

{¶12} Officer Bevilacqua of the Cortland Police Department responded to the 911 call. S.U. provided her with Mr. Nutt's name and a description of the vehicle he was driving. She also showed the officer the photo of Mr. Nutt's vehicle and license plate and a screenshot of her last Facebook message to him. Based on Officer Bevilacqua's report, a warrant was issued for Mr. Nutt's arrest.

Case No. 2022-T-0088

{¶13} Detective Weston of the Cortland Police Department contacted the owner of the vehicle and obtained Mr. Nutt's phone number. He called Mr. Nutt and advised him that a warrant had been issued for his arrest. Mr. Nutt subsequently turned himself in to the police.

{¶14} The Trumbull County Grand Jury indicted Mr. Nutt on one count of burglary, a second-degree felony, in violation of R.C. 2911.12(A)(1) and (D), and one count of aggravated menacing, a first-degree misdemeanor, in violation of R.C. 2903.21(A) and (B). Mr. Nutt pleaded not guilty by reason of insanity. Following an evaluation, Mr. Nutt was found competent to stand trial.

{¶15} The case was tried to a jury. The state presented the testimony of S.U., Officer Bevilacqua, and Detective Weston and submitted exhibits consisting of a recording of S.U.'s 911 call, the photo of Mr. Nutt's vehicle and license plate, and the screenshot of S.U.'s message to Mr. Nutt.

{¶16} Following the state's case-in-chief, the defense moved for acquittal pursuant to Crim.R. 29, which the trial court denied. The defense also requested that the trial court instruct the jury on criminal trespass as a lesser included offense of burglary, arguing that the state failed to prove the predicate offense of aggravated menacing. The trial court denied the defense's request, stating that the only reasonable inference to be drawn from Mr. Nutt's statement, "You're lucky I don't shoot you," in conjunction with his lunging toward S.U., was that he was going to cause serious physical harm.

{¶17} Mr. Nutt rested without testifying or presenting evidence. Following deliberations, the jury returned guilty verdicts on both offenses. The trial court ordered a presentence investigation and set the matter for sentencing.

4

{¶18} At the sentencing hearing, the trial court sentenced Mr. Nutt to a prison term of five to seven and one-half years for burglary and 180 days in jail for aggravated menacing to be served concurrently. The trial court subsequently filed a judgment entry memorializing the jury's verdict and Mr. Nutt's sentences.

{¶19} Mr. Nutt appealed and presents the following three assignments of error:

{¶20} "[1.] The trial court erred by refusing to instruct on a lesser included offense.

{¶21} "[2.] The trial court erred as a matter of law in finding the Appellant guilty when there was not sufficient evidence to support the convictions.

{¶22} "[3.] The manifest weight of the evidence did not support the convictions."

{¶23} We review Mr. Nutt's assignments of error out of order for ease of discussion.

**Sufficiency of the Evidence**

{¶24} In his second assignment of error, Mr. Nutt contends there was insufficient evidence to support his convictions. Mr. Nutt's argument relates solely to his burglary conviction.

{¶25} "'"[S]ufficiency" is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.'" *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997), quoting *Black's Law Dictionary* 1433 (6th Ed.1990). "In essence, sufficiency is a test of adequacy." *Id.*

{¶26} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the

5

defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* at 259-260. A claim of insufficient evidence invokes a question of due process, the resolution of which does not allow for a weighing of the evidence. *State v. Habo*, 11th Dist. Portage No. 2012-P-0056, 2013-Ohio-2142, ¶ 14.

{¶27} Mr. Nutt was charged with burglary in violation of R.C. 2911.12(A)(1), which provides, in relevant part, that "[1] [n]o person, *by force, stealth, or deception*, [2] shall * * * [t]respass in an occupied structure * * *, [3] when another person other than an accomplice of the offender is present, [4] with purpose to commit in the structure * * * any criminal offense." (Emphasis added.)

{¶28} According to Mr. Nutt, the trial evidence showed that he "walked into an unlocked door" but did not show that he tried to "sneak in" or "conceal his presence." It appears Mr. Nutt is arguing that the state did not present evidence of "stealth" or "deception." However, the state's theory of the case was that Mr. Nutt entered S.U.'s home by "force."

{¶29} "Force" means "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." R.C. 2901.01(A)(1). "It has long been established in Ohio that the force element of an aggravated burglary charge can be accomplished through the opening of a closed but unlocked door.'" *State v. Tichaona*, 11th Dist. Portage No. 2010-P-0090, 2011-Ohio-6001, ¶ 35, quoting *State v. Howard*, 8th Dist. Cuyahoga No. 85500, 2005-Ohio-5135, ¶ 9. Since the same statutory definition of

6

"force" also applies to burglary, the same principle applies. *See, e.g.*, *State v. Erker*, 2019-Ohio-3185, 141 N.E.3d 543, ¶ 69 (8th Dist.) (collecting cases).

**{¶30}** S.U. testified that Mr. Nutt entered her home by opening her unlocked, closed door. Accordingly, the state presented sufficient evidence, if believed, to establish the "force" element of burglary beyond a reasonable doubt.

**{¶31}** Mr. Nutt's second assignment of error is without merit.

### Lesser Included Offense

**{¶32}** In his first assignment of error, Mr. Nutt contends the trial court erred by refusing to instruct the jury on criminal trespass as a lesser included offense of burglary.

**{¶33}** "An appellate court reviews a trial court's refusal to give a requested jury instruction for abuse of discretion." *State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, ¶ 240. An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

**{¶34}** "'The mere fact that an offense can be a lesser included offense of another offense does not mean that a court must instruct on both offenses where the greater offense is charged.'" *State v. Wine*, 140 Ohio St.3d 409, 2014-Ohio-3948, 18 N.E.3d 1207, ¶ 22, quoting *State v. Wilkins*, 64 Ohio St.2d 382, 387, 415 N.E.2d 303 (1980). "'If the trier of fact could *reasonably* find against the state and for the accused upon one or more of the elements of the crime charged and for the state on the remaining elements, which by themselves would sustain a conviction on a lesser-included offense, then a charge on the lesser-included offense *is required.* * * * Conversely, if the jury *could not reasonably* find against the state on an element of the crime, then a charge on a lesser-

7

included offense is not only *not required*, but is also *improper*.'" (Emphasis added.) *Id.* at ¶ 20, quoting *State v. Kilby*, 50 Ohio St.2d 21, 24-25, 361 N.E.2d 1336 (1977). "The persuasiveness of the evidence regarding the lesser included offense is irrelevant," and "[t]he evidence must be considered in the light most favorable to defendant." *Wilkins* at 388.

{¶35} Mr. Nutt contends that the trial court applied the wrong legal standard, citing this court's decision in *State v. Barker*, 11th Dist. Portage No. 2010-P-0044, 2012-Ohio-522. In that case, the trial court refused to instruct the jury on lesser included offenses based on its view that the appellant's assertion of a "complete defense" precluded it. *Id.* at ¶ 144. We found this to be an inaccurate statement of the law. *See id.* at ¶ 145.

{¶36} Here, the trial court's refusal was not based on an assertion of a complete defense. Rather, the defense argued that the state failed to prove the fourth element of burglary, i.e., that Mr. Nutt had "purpose to commit in the structure * * * any criminal offense." R.C. 2911.12(A)(1). The state alleged that Mr. Nutt had purpose to commit aggravated menacing, which occurs when an offender "knowingly cause[s] another to believe that the offender will cause serious physical harm to the person * * *." R.C. 2903.21(A). The trial court stated that the only evidence before it was that Mr. Nutt said, "You're lucky I don't shoot you," and lunged toward S.U. The trial court determined that the "only reasonable inference" to be drawn from this evidence was that Mr. Nutt was going to cause serious physical harm. This is another way of saying that the jury could not reasonably find against the state on the fourth element of burglary. Thus, the trial court applied the correct legal standard.

8

{¶37} Mr. Nutt also contends that the jury could have reasonably acquitted him of burglary because (1) "he went into the home through an open and unlocked door"; (2) "he was not even in the kitchen yet" when he first spoke to S.U., which shows "he was not trying to surprise her or sneak up on her"; (3) he may have said, "Hey, dick," in a "joking manner"; and (4) S.U "told him to shut the door so that her dogs did not run out," which means, "at least initially, [S.U.] must not have been scared."

{¶38} Mr. Nutt's argument mischaracterizes S.U.'s undisputed testimony. First, there is no evidence suggesting that Mr. Nutt entered S.U.'s home through an "*open* and unlocked" door. (Emphasis added.) S.U. explicitly testified that Mr. Nutt walked into her *open garage* but entered her home by opening the *closed, unlocked door* that led into her kitchen. Second, "surprise" and "sneak[ing] up" relate to the "stealth" or "deception," while the state's theory of the case involved "force." Third, S.U. explicitly testified that she did not take Mr. Nutt's statement, "Hey, dick," in "a joking manner." Finally, S.U. testified on cross-examination that she did not remember if Mr. Nutt left the door open behind him when he came in. However, she explicitly testified that Mr. Nutt said, "You're lucky I don't shoot you" and lunged at her. Accordingly, Mr. Nutt has not presented a reasonable view of the evidence that supports his acquittal for burglary.

{¶39} Mr. Nutt's first assignment of error is without merit.

**Manifest Weight of the Evidence**

{¶40} Finally, in his third assignment of error, Mr. Nutt contends that his convictions are against the manifest weight of the evidence. Mr. Nutt's argument relates solely to his burglary conviction.

9

{¶41} "[W]eight of the evidence addresses the evidence's effect of inducing belief." *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 25. "In other words, a review court asks whose evidence is more persuasive—the state's or the defendant's?" *Id.* "'The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Thompkins*, *supra*, at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶42} "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." *Id.*, quoting *Tibbs v. Florida*, 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). "'The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" *Id.*, quoting *Martin* at 175.

{¶43} Mr. Nutt contends that the evidence shows he "walked into the house through an *open* and unlocked door." (Emphasis added.) As explained above, this is a misstatement of S.U.'s undisputed testimony. Mr. Nutt also contends there was no evidence that he entered S.U.'s home by "force, stealth, or deception." This is the same sufficiency argument that we have rejected above, not a manifest-weight argument. Accordingly, Mr. Nutt has not asserted a valid basis to challenge the manifest weight of the evidence.

Case No. 2022-T-0088

{¶44} Mr. Nutt's third assignment of error is without merit.

{¶45} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas is affirmed.


JOHN J. EKLUND, P.J.,

MATT LYNCH, J.,

concur.